**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, Receiver of Lawn Savings and Loan Association, Plaintiff-Appellant,**

v.

**Henry KRUEGER et al., Defendants-Appellees.**

**No. 18171.**

United States Court of Appeals, Seventh Circuit.

Dec. 17, 1970.

Merrill Shepard, William A. Carey, Donald Page Moore, Chicago, Ill., for appellant; Pope, Ballard, Kennedy, Shepard & Fowle, Chicago, Ill., of counsel.

George J. Schaller, Francis J. Reilly, James M. O'Shaughnessy, Chicago, Ill., for defendants-appellees, William L. Randall, Jeffery Manor, Inc., Randalls Inns Incorporated and Randalls Inns of Indiana, Inc.

Henry W. Kenoe and Raphael Fine, Chicago, Ill., for Henry Krueger, Wayne Krueger, Ronald Krueger, defendant-appellees; Donald S. Lavin, Chicago, Ill., of counsel.

Ned Robertson, Chicago, Ill., for appellee John McErlean; Mayer, Brown & Platt, Chicago, Ill., of counsel.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and PELL, Circuit Judge.

SWYGERT, Chief Judge.

This appeal presents two issues: one concerning jurisdiction of a suit brought by the Federal Savings and Loan Insurance Corporation as the receiver of a state-chartered, defunct savings and loan association; the other concerning the application of the doctrine of abstention.

In April 1968 Lawn Savings and Loan Association, located in Chicago and organized under the laws of Illinois, found itself in serious financial difficulty and unable to continue operations. The Commissioner of Savings and Loan Associations for the State of Illinois immediately took custody of the association pursuant to the authority granted him under state statute. After the appointment and resignation of an interim receiver, Federal Savings and Loan Insurance Corporation (FSLIC) was appointed receiver of the association in a liquidation proceeding ordered by the Circuit Court of Cook County under the applicable Illinois statute.

In July 1969 FSLIC filed this action in the district court as receiver of Lawn Savings, demanding several million dollars damages from the defendants who are either former officers, directors or employees of Lawn Savings or borrowers or contractors connected with construc-

tion loans made by the association. The complaint, after reciting that FSLIC had been appointed receiver of Lawn Savings and had paid in excess of $65,000,000 to the association's depositors after its failure, charged that the association had been defrauded because of a conspiracy among the defendants and others which had been carried out in violation of the Federal Home Loan Bank Board's "single borrower" regulation, 12 CFR § 563.9–3, and the standards of conduct required by 18 U.S.C. § 657 (misapplication of funds of an association insured by FSLIC) and 18 U.S.C. § 1006 (conflicts of interest within, and false statements to, an association insured by FSLIC). The complaint also alleged misconduct in violation of the common law of Illinois.

The district court, initially and sua sponte, ordered the case transferred to the Circuit Court of Cook County, but subsequently and also sua sponte, dismissed the action on the ground that the federal court should abstain from exercising jurisdiction so as to avoid interfering with the orderly expedition of the state court liquidation proceeding. From the dismissal FSLIC appeals.

Although the district court denied motions to dismiss for want of jurisdiction, defendants reassert their jurisdictional challenge in this appeal. Since this is the more basic issue, it shall be treated first.

In determining whether the district court may properly exercise jurisdiction over the subject matter of this suit, consideration must first be given to 28 U.S.C. § 1345 which provides:

> Except as otherwise provided by Act of Congress, the district court shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any *agency* or officer thereof *expressly authorized to sue by Act of Congress.* (Emphasis added.)

The term "agency" is defined in 28 U.S.C. § 451 as including "any corporation in which the United States has a proprietary interest." Thus the question is narrowed to whether FSLIC has expressly been authorized to sue by Congress. Such authorization is found in two sections of the statute governing the powers and operations of this federal agency. Title 12 U.S.C. § 1725(c) (4) provides that the corporation "shall have power * * * to sue and be sued * * in any court of competent jurisdiction in the United States * * *." More specifically, 12 U.S.C. § 1730(k) (1) provides in part, "Notwithstanding any other provision of law, (A) the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28." [1]

With these statutory provisions in mind, there should be little question that the district court had original jurisdiction under section 1345 to entertain this action. It might be argued that the

---

1. 12 U.S.C. § 1730(k) (1) reads:

Notwithstanding any other provision of law, (A) the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided*, That any action, suit or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States. No attachment or execution shall be issued against the Corporation or its property before final judgment in any action, suit, or proceeding in any court of any State or of the United States or any territory, or any other court.

proviso contained in the latter portion of section 1730(k) (1) is applicable. We are of the view, however, that subsections (B) and (C) of section 1730(k) (1), including the proviso, relate solely to removal proceedings from state courts in actions wherein the corporation has been made a party. *See* Federal Savings and Loan Insurance Corp. v. Quinn, 419 F.2d 1014 (7th Cir. 1969).

██ In arriving at our conclusion that the district court has original jurisdiction of this suit, we recognize there is a fundamental distinction between the receivership proceeding in the state court and the present action. First of all, the receivership proceeding is largely administrative in character. Under the Illinois Savings and Loan Act, Ill.Stat. Ann. ch. 32 §§ 921–927 (Smith-Hurd, 1970), the receiver is not an officer of the court; he and not the court has custody and title to the assets of the receivership. People ex rel. Knight v. O'Brien, 40 Ill.2d 354, 240 N.E.2d 686 (1968). Secondly, the receivership is an in rem or quasi in rem proceeding, concerned primarily with the liquidation and distribution of the assets of the association. On the other hand, the suit brought by FSLIC in the district court is a plenary, in personam action seeking to recapture assets allegedly siphoned off through fraudulent conduct.

The preceding paragraph is an appropriate prelude to a consideration of the second issue before us, whether the district court properly invoked the doctrine of abstention in dismissing the suit.

██ It appears from the record that the district judge was under the erroneous belief that an identical case was pending in the state court at the time of the dismissal. It is unclear, however, whether he had in mind the receivership proceedings as such or the appeal then pending in the Illinois Appellate Court which questioned the validity of the state court decree ordering the dissolution and liquidation of Lawn Savings. (The Illinois Appellate Court has since affirmed the decree. Hulman v. Lawn Savings and Loan Association, 122 Ill.App.2d 363,

259 N.E.2d 324 (1970).) In any event and for the reasons we have already stated and shall shortly elaborate, the receivership proceeding whether or not on appeal was not identical with the instant suit.

The situation in this case is not similar to those in Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841 (1935), or Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1935). In *Williams*, after a federal district court had appointed receivers of a building and loan association, the Secretary of Banking for the State of Pennsylvania requested an order directing the receivers to surrender the assets of the association to him so that he might proceed under a comprehensive scheme for liquidation defined by state statute. The Supreme Court held that although the district court had acquired jurisdiction under diversity, it should, in view of the special circumstances, have relinquished the jurisdiction in favor of the statutory administration of the assets by the state officer. In *Penn General*, a stockholder of an insolvent Pennsylvania insurance corporation requested the federal district court to appoint a receiver. Jurisdiction was grounded on diversity. While the suit was pending, the Attorney General of the state, pursuant to statute, requested the state court to place the assets of the corporation in the hands of the State Insurance Commissioner for liquidation. The Supreme Court, faced with this conflicting jurisdiction, first recognized that ordinarily when two suits in rem or quasi in rem are filed in different courts, the court first assuming jurisdiction over the property may maintain that jurisdiction to the exclusion of the other; however, the Court held that even though the federal district court had first acquired jurisdiction, it should, in the exercise of judicial discretion, have relinquished the jurisdiction in favor of the administration of the state officer. Nor is Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939), cited by defendants, apposite. There the Su-

preme Court held that since a state court had gained jurisdiction over the administration of a trust before the filing of a federal court suit seeking control of the res, the latter court was deprived of jurisdiction. In contrast to the situations in these cases, FSLIC's suit here is, as we have said, in personam; it would in no way interfere with the possession and control of the res being administered in the state court receivership. It seeks only a judgment establishing the validity and amount of the claims asserted against the defendants. Such a suit may proceed simultaneously with the state's administration of the receivership.

 There is nothing in the abstention doctrine that grants a federal court the authority to decline, in a case where its jurisdiction is established, to entertain a suit brought by a state-appointed receiver to enforce a liability owed to the receivership estate. In Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 188–189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959), the Supreme Court indicated the narrow limits of the doctrine:

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.

Unless there is an explicit exception to the duty of a federal court to hear a case to which Congress has extended its jurisdiction, that duty may not be disregarded. The only possible exception here is that which allows abstention, "on grounds of comity with the States when the exercise of jurisdiction by the federal court would disrupt a state administrative process." Allegheny County v. Frank Mashuda Co., 360 U.S. at 189, 79 S.Ct. at 1063. We repeat, FSLIC's suit will not interfere with or disrupt the state administrative process in the dissolution and liquidation of Lawn Savings.

The fact that FSLIC might have brought this suit in a state court in no way authorizes abstention by the federal court. Liberty Mutual Insurance Co. v. Pennsylvania Railroad Co., 322 F.2d 963 (7th Cir. 1963). FSLIC, having chosen the federal forum to prosecute its action, has the right to insist that the district court hear the case. Long ago, the Supreme Court instructed: "When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction. * * * The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied." Willcox v. Consolidated Gas Co., 212 U.S. 19, 40, 29 S.Ct. 192, 195, 53 L.Ed. 382 (1909).

The order of dismissal is reversed.