Ernest KATIN et al., Plaintiffs,

v.

APOLLO SAVINGS et al., Defendants.

FEDERAL SAVINGS AND LOAN IN-
SURANCE CORPORATION, RECEIV-
ER OF APOLLO SAVINGS, Plaintiff-
Appellant,

v.

Edward P. KELLY et al., Defendants-
Appellees.

No. 18910.

United States Court of Appeals,
Seventh Circuit.

Dec. 8, 1971.

Certiorari Denied May 15, 1972.

See 92 S.Ct. 1767.

William A. Carey, Chicago, Ill., for appellant.

John Powers Crowley, James T. Griffin, Luis Kutner, John I. Hentzel, John P. Hampton, Michael I. Miller, John M. Bowlus, Chicago, Ill., Harold C. McKenney, Crystal Lake, Ill., Peter Fitzpatrick, Chicago, Ill., Eugene T. Devitt, Elgin, Ill., John F. Cusack, Chicago, Ill., Amelia S. Ferrier, Harlingen, Tex., David L. Gomberg, Chicago, Ill., for appellees.

Before SWYGERT, Chief Judge, and CUMMINGS and SPRECHER, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court dismissing plaintiff's complaint on two grounds: that federal jurisdiction was lacking, and alternatively, that the federal abstention doctrine required dismissal without prejudice to pending proceedings in state court. Katin v. Apollo Savings, 318 F.Supp. 1055 (N.D.Ill.1970).

On April 26, 1968 the Commissioner of Savings and Loan Associations for the State of Illinois took custody of Apollo Savings pursuant to the Illinois Savings and Loan Act (Ill.Rev.Stat., ch. 32, § 848) when Apollo Savings found itself in serious financial difficulty. The Commissioner appointed an interim receiver. Thereafter a liquidation proceeding was ordered by the Circuit Court of Cook County pursuant to Ill. Rev.Stat., ch. 32, § 922. On September 30, 1968 the interim receiver resigned and the Commissioner appointed the Federal Savings and Loan Corporation ("FSLIC") to serve as receiver.

On May 3, 1968 a complaint was filed in the federal district court by one Katin and certain other depositor-shareholders of Apollo Savings charging the association and its directors with acts of fraud and mismanagement in violation of the federal securities laws and the Illinois common law. The plaintiffs sought the recovery of dividends from the date the last dividends were paid by Apollo to the date each depositor received his principal from the insurer, FSLIC, and, additionally, recovery of the uninsured portions of their accounts.

On October 29, 1969 FSLIC filed a complaint in the district court which sought substantial money damages from former officers and directors of Apollo Savings and others having transactions with the association. The complaint charged the defendants with acts of civil conspiracy, fraud, and mismanagement in violation of standards of conduct established by 18 U.S.C. § 657 (misapplication of funds of an association insured by FSLIC), 18 U.S.C. § 1001 (false statements to an agency of the United States), 18 U.S.C. § 1006 (conflicts of interest within, and false statements to, an association insured by FSLIC), 18 U.S.C. § 1008 (false statements to FSLIC), and in violation of the common law of Illinois. FSLIC brought the action in the capacity of a United States Government agency duly appointed to be the receiver of Apollo Savings.[1]

On April 22, 1970 following the filing of an amended complaint by FSLIC, the answers of most defendants, and the cross-claim of one defendant, the case was consolidated with the earlier case brought by certain depositor-sharehold-

---

1. FSLIC also brought the action as a United States Government agency which has paid its insurance obligation to Apollo's depositors and is subrogated to their rights. Since jurisdiction for this action is found in FSLIC's capacity as receiver, we need not decide this jurisdictional claim.

ers of Apollo. Pretrial conferences ensued during which time alternative settlements were proposed. No settlement was forthcoming and on September 24, 1970 the district court entered orders dismissing these actions without prejudice to plaintiffs' rights to reassert their claims in the state court where the receivership is pending. FSLIC appeals from the dismissal of its action instituted in the district court.[2]

■ The issues raised here were disposed of in a recent opinion of this court, FSLIC v. Krueger, 435 F.2d 633 (7th Cir. 1970). In *Krueger*, FSLIC sued as a United States Government agency serving as receiver for the Lawn Savings and Loan Association. The complaint alleged a conspiracy to defraud the association in violation of the standards of conduct required by various federal statutes. Liquidation proceedings involving the Lawn Savings and Loan Association were pending in state court. This court nonetheless reversed the district court's dismissal order, holding that the district court had jurisdiction to entertain the action and was not authorized to decline to exercise its jurisdiction under the federal abstention doctrine. Defendants here invite the court to reconsider that holding or to distinguish *Krueger* from the instant case. We reaffirm *Krueger*. We hold that the district court clearly had jurisdiction under 28 U.S.C. § 1345 since FSLIC qualifies as a federal agency authorized to sue under 12 U.S.C. § 1725(c) (4) and 12 U.S.C. § 1730(k) (1). FSLIC v. Krueger, *supra*, at 635–

636.[3] Furthermore, we find no merit in the defendants' claim that circumstances in this case—that were absent in *Krueger*—justify the district court's decision to abstain from entertaining the action.

■ The standard for determining when abstention is permissible has been outlined in Allegheny County v. Mashuda Co., 360 U.S. 185, 188–189, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959), cited approvingly in *Krueger, supra*, at 637: The doctrine of abstention is an "extraordinary" and "narrow" exception to the duty of a federal court to hear a case to which Congress has extended its jurisdiction. The justification offered for abstention in the instant case is "on grounds of comity with the States when the exercise of jurisdiction by the federal court would disrupt a state administrative process." Allegheny County v. Mashuda Co., *supra*, at 189, 79 S.Ct. at 1063. No such interference was found in *Krueger* where the court after analyzing the state and federal actions, and evaluating the respective statutory schemes under which they were proceeding, found that: "[T]he receivership is an in rem or quasi in rem proceeding, concerned primarily with the liquidation and distribution of the assets of the association. . . . [T]he suit brought by FSLIC in the district court is a plenary, in personam action seeking to recapture assets allegedly siphoned off through fraudulent conduct." FSLIC v. Krueger, *supra*, at 636. Since the cause of action in the instant case is virtually identical to that in *Krueger*,[4] we draw the same conclu-

2. No appeal was taken from the dismissal of the complaint brought by the depositor-shareholders.

3. Defendants argue that FSLIC has no authority as receiver to bring this kind of action either by state statute or by order of the state court in which liquidation proceedings are pending. We disagree. We interpret the Illinois Statute under which FSLIC was appointed as receiver as authorizing suits to recapture assets; the receiver under Ill.Rev.Stat. ch. 32, § 921 is authorized to take possession of "assets of every description" which we

take to mean causes of action, such as suits to collect outstanding claims, or, as in the instant case, to recapture assets. Furthermore, specific court authorization is unnecessary where FSLIC is an administrative receiver appointed by the Commissioner of Savings and Loan Associations, and not an officer of the court. People ex rel. Knight v. O'Brien, 40 Ill. 2d 354, 240 N.E.2d 686 (1968).

4. The instant case is a suit brought by the receiver, FSLIC, for violations of the standards of conduct established by 18 U.S.C. §§ 657, 1001, 1006 and 1008. In

sion: FSLIC's suit would in no way interfere with the state's administration of the receivership.[5]

Defendants' principal contention is that this case is distinguishable from *Krueger,* not because of the substantive issues in the litigation as revealed in the pleadings, but because of the "basic" or "underlying" issues revealed by the parties during the pretrial conferences. The lower court determined from the pretrial conferences that the "basic" issue of the case was not fraud or mismanagement, as was specifically charged in the complaint, but the "proper disposition of potential surplus." Katin v. Apollo Savings, *supra,* at 1057. We find no support for an approach that bases the determination of interference on considerations gleaned from the settlement negotiations.

 Pretrial settlement discussions are informal sessions in which the parties discuss the issues, and frequently, bargain with one another. In the instant case, no formal stipulations emerged as a result of these discussions, nor a settlement of the case. Actions pending in state and federal courts may be discussed at the same conference and even settled simultaneously where the parties to the actions are the same even though the causes of action discussed may not be reconcilable or even related on the merits. Such pretrial discussions, however, cannot furnish the basis for a determination that the federal court action would interfere with the state court receivership proceedings. To determine interference on that ground would impermissibly prejudice the right of a party to choose a forum, otherwise available to him, in which to institute an action involving substantive issues different from those pending in another court.

The order of dismissal is reversed.

---

FSLIC v. Krueger, FSLIC, as receiver, charged violations of 12 C.F.R. § 563.9–3 and the standards of conduct prescribed by 18 U.S.C. §§ 657 and 1006.

5. Defendants maintain that abstention dictates dismissal of this action because of the possibility of counterclaims against FSLIC, which would directly contravene the state court's order restraining any attempt to obtain a judgment against Apollo or property in the custody of the FSLIC without further order of the state court. No such counterclaim was filed in the instant case. In any event, we cannot interpret the state statutory scheme so broadly as to foreclose a federal cause of action provided for by Congress in 12 U.S.C. § 1730(k) (1). That section provides jurisdiction in suits in which FSLIC is plaintiff but denies jurisdiction where FSLIC as defendant removes the action to federal court. FSLIC v. Krueger, *supra.*