492 F.2d 1325
 HANCOCK FINANCIAL CORPORATION, a Delaware corporation, Appellant,
v.
FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, an
instrumentality of the United States of America,
as receiver for Gibraltar Savings and
Loan Association, an Arizona
corporation, Appellee.
HANCOCK FINANCIAL CORPORATION, a Delaware corporation, Appellee,
v.
FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, an
instrumentality of the United States of America,
as receiver for Gibraltar Savings and
Loan Association, an Arizona
corporation, Appellant.
 Nos. 74-1137, 72-1327.
 United States Court of Appeals, Ninth Circuit.
 Feb. 26, 1974.
 
 Robert R. Thornton, Hahn, Cazier, Thornton, Hoegh & Leff, Los Angeles, Cal., Edward V. Sexton, Phoenix, Ariz., for appellant (74-1137), for appellee (72-1327).
 Daniel J. Goldberg, Associate Gen. Counsel, Fed. Sav. & Loan Ins. Corp., Washington, D.C., Bernald C. Porter, Tempe, Ariz., for appellee (74-1137), for appellant (72-1327).
 Before CHAMBERS, CARTER, and GOODWIN, Circuit Judges.
 ALFRED T. GOODWIN, Circuit Judge:
 
 
 1
 Hancock, the principal stockholder in Gibraltar Savings and Loan Association, appeals the refusal by the district court to enjoin the sale of Gibraltar's assets by its receiver. The court dismissed the action on the ground that subject-matter jurisdiction was expressly barred by statute. We affirm.
 
 
 2
 Gibraltar, chartered by the State of Arizona, was insured by the Federal Savings and Loan Insurance Corporation (FSLIC). In 1966 the Superior Court for Maricopa County appointed the FSLIC as receiver for Gibraltar and directed it to liquidate Gibraltar's assets. By the end of 1971, virtually all the receivership assets had been sold except a portofolio of marketable mortgages, real-estate contracts, and a few parcels of real estate, with an aggregate book value of $16.5 million. On December 15, 1971, the Supreior Court entered an order permitting the FSLIC to sell these remaining assets to a savings and loan association in Phoneix. Hancock filed a petitioner in the Arizona Court of Appeals to stay the order of the Superior Court, but that petition was denied. Thereafter, the minority stockholders of Gibraltar filed their notice of appeal from the order of the Superior Court.
 
 
 3
 Meanwhile, on December 21, 1971, before the sale of the remaining assets could be consummated, Hancock initiated this action to enjoin the FSLIC from any further sale of Gibraltar's assets. After the district court dismissed the complaint, it issued a temporary injunction to preserve the status quo pending appeal. (That injunction, which brought the liquidation of Gibraltar to a standstill, must be dissolved upon the receipt of the mandate herein.)
 
 
 4
 Hancock asserts: (1) original jurisdiction under the provisions of 12 U.S.C. 1730(k)(1),[1] as an action in which the FSLIC is a party; (2) original jurisdiction under 28 U.S.C. 1337, as an action arising out of an act of Congress regulating commerce; (3) original jurisdiction under the provisions of 28 U.S.C. 1331(a), as an action arising under the laws of the United States in which the matter in controversy exceeds $10,000; and (4) original jurisdiction under the provisions of 28 U.S.C. 1332, as an action between citizens of different states in which the matter in controversy exceeds $10,000.
 
 
 5
 Each of Hancock's asserted theories of federal jurisdiction has some general and superficial attraction, but all come to naught against the specific and controlling language of the proviso of 12 U.S.C. 1730(k)(1), quoted in footnote 1. That clause states in pertinent part:
 
 
 6
 '* * * Provided, That any action * * * to which the Corporation is a party in its capacity as * * * receiver * * * of an insured State-chartered institution and which involves only the rights * * * of * * * stockholders * * * under State law shall not be deemed to arise under the laws of the United States * * *.'
 
 
 7
 It is undisputed that the FSLIC is acting as the receiver of an insured state-chartered institution. Hancock, however, seeks to escape the consequences of this fact by arguing that its action involves more than the rights of stockholders under state law. Hancock claims to be also asserting rights under federal law. Hancock argues that the FSLIC was empowered to act as a receiver for Gibraltar under the provisions of 12 U.S.C. 1729(c)(1). That same clause states that, if so appointed, the FSLIC shall have the same duties as are conferred upon it with respect to federal savings and loan associations. Among these duties is the duty 'to proceed to liquidate its (the association's) assets in an orderly manner * * *.' 12 U.S.C. 1729(b)(5). The sale of the remaining real estate assets of Gibraltar did not constitute a liquidation in an orderly manner, Hancock asserts. Hence, Hancock concludes, a question is raised under a federal statute, thereby taking the case out of the exclusionary provision of 1730(k)(1).
 
 
 8
 While the ingenuity of the argument is commendable, it proves too much. Every receiver is obligated to liquidate the receivership assets in an orderly manner; indeed, the order of the state court appointing the FSLIC as receiver required ti so to act. There is no indication that 1729(c)(1) and (b)(5) were intended to enlarge upon this already existing obligaion inherent in any receivership.
 
 Moreover, 1729(d) provides:
 
 9
 'In connection with the liquidation of insured institutions in default, the Corporation shall * * * (be) subject only to the regulation of the court or other public authority having jurisdiction over the matter.'
 
 
 10
 The 'court' or 'authority' mentioned above refers to the 'court of competent jurisdiction or other public authority' which redndered the 'adjudication or other official determination' pursuant to which the FSLIC 'is appointed (as receiver) for an insured institution for the purpose of liquidation.' 12 U.S.C. 1724(d). Since the Superior Court of Maricopa County appointed the FSLIC as receiver, the FSLIC is subject only to the regulation of that court, and the question of what constitutes an orderly liquidation must be litigated in that court in accordance with state law. Hancock, disappointed there, has tried a horizontal appeal to the district court.
 
 
 11
 If Hancock's logic were accepted, the proviso clause would be rendered a nullity. In every case where the FSLIC acts as a receiver, it would have the duty to liquidate assets in an orderly manner, thereby 'raising a question of federal law' and taking the case out of the exclusionary provision. We are satisfied that Congress intended no such result. Thus, we conclude that Hancock's action against the FSLIC is barred by the first proviso clause of 12 U.S.C. 1730(k)(1).[2] Cf. Federal Deposit Ins. Corp. v. National Surety Corp., 345 F.Supp. 885, 888 (S.D. Iowa 1972).
 
 
 12
 We note briefly other asserted grounds for jurisdiction. One is 28 U.S.C. 1337. That section provides as follows:
 
 
 13
 'The district court shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraint and monopolies.'
 
 
 14
 Hancock asserts that under 12 U.CS.C. 1729(c)(1) the FSLIC has a fiduciary duty to liquidate Gibraltar's assets in an orderly manner, thereby conferring original jurisdiction under 28 U.S.C. 1337. However, we have just held that that clause does not raise a question of federal law sufficient to take this case out of the exclusionary provision of 12 U.S.C. 1730(k)(1). Likewise, we now hold that 1729(c)(1) is not an 'Act of Congress regulating commerce' within the meaning of 1337 and, hence, that jurisdiction is not conferred under that statute.
 
 
 15
 Another asserted ground for jurisdiction is 28 U.S.C. 1331(a) (federal-question jurisdiction). Since the FSLIC was created as a federally chartered corporation under the provisions of 12 U.S.C. 1725, Hancock asserts that under the rule announced in the Pacific Railroad Removal Cases,115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319 (1885) a suit against the FSLIC involves a controversy arising under the laws of the United States.[3] However, 28 U.S.C. 1349 was enacted in 1925 to limit the holding of the Pacific Railroad Removal Cases to corporations in which the United States is the owner of more than one half of the capital stock. Although at one time the United States owned all of the stock of the FSLIC, that stock has been retired since 1958, and at the present time there is no outstanding stock to be owned. See Acron Investments, Inc. v. Federal Savings & Loan Ins. Corp. 363 F.2d 236, 239-240 (9th Cir.), cert. denied, 385 U.S. 970, 87 S.Ct. 506, 17 L.Ed.2d 434 (1966).
 
 
 16
 In 1966 Congress enacted a special jurisdictional statute for the FSLIC: 12 U.S.C. 1730(k)(1). If federal courts already had jurisdiction over suits involving the FSLIC pursuant to the Pacific Railroad Removal Cases and 28 U.S.C. 1349 there would have been little need to enact much of this statute. Moreover, since 12 U.S.C. 1730(k)(1) begins, 'Notwithstanding any other provision of law * * *,' we feel compelled to look primarily to that section in determining jurisdiction over the FSLIC. For these reasons and because of the literal wording of 28 U.S.C. 1349, we hold that jurisdiction is not conferred over the FSLIC merely because it is a federally chartered corporation whose entire stock once was owned by the United States.
 
 
 17
 Hancock's last asserted ground for jurisdiction, diversity under 28 U.S.C. 1332, comes to naught also. Although we have been cited no case raising this precise issue, we hold that because the FSLIC is an agency and instrumentality of the federal government it is not a citizen of any particular state for diversity purposes.[4] Federal Deposit Insurance Corp. v. National Surety Corp., supra, held that the Federal Deposit Insurance Corporation, which is also chartered by the federal government and also has its principal place of business in the District of Columbia, has citizenship in no particualr state for diversity purposes. We find Chief Judge Hanson's reasoning to be persuasive:
 
 
 18
 'If federal corporations whose principal place of business is located in the District of Columbia were to be considered citizens of that District, diversity jurisdiction would be expanded to almost all suits involving federally chartered corporations. This would be a result not intended by Congress. Before 1948 all suits by or against any federally chartered corporation were deemed to involve a federal question. In 1948 Title 28 U.S.C., Section 1349 was passed by Congress providing that a federal question is involved only in suits where over one-half of the stock of the federal corporation is owned by the United States. This Congressional attempt to limit federal court jurisdiction would be nullified by defendant's interpretation of diversity jurisdiction which would give federal jurisdictions to almost all suits involving federally chartered corporations * * *.' 345 F.Supp. at 888.
 
 
 19
 We agree with the district court, then, and hold that it lacked jurisdiction over this action. The injunction pending appeal is dissolved.
 
 
 20
 Affirmed.
 
 
 
 [1]
 'Notwithstanding any other provision of law, (A) the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: Provided, That any action, suit or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States * * *.'
 
 
 [2]
 We have assumed that, were it not for this proviso clause, 1730(k)(1) would confer jurisdiction. Clause (B) of that section states that:
 '* * * Any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy * * *.'
 We are confident that this clause was intended to constitute a grant of original jurisdiction, enabling the FSLIC to be sued in federal district court. See S.Rep.No.1482, 89th Cong., 2d Sess., 1966 U.S.Code Cong. & Admin.News, pp. 3532, 3550. We reach this conclusion in spite of some dicta in recent opinions of the Court of Appeals for the Seventh Circuit suggesting that clause (B) relates solely to removal proceedings by the FSLIC in actions in which it has been made a party. See Katin v. Appollo Savings, 460 F.2d 422, 425 n. 5 (7th Cir. 1971), cert. denied, 406 U.S. 918, 92 S.Ct. 1767, 32 L.Ed.2d 117 (1972); Federal Savings & Loan Ins. Corp. v. Krueger, 435 F.2d 633, 636 (7th Cir. 1970).
 
 
 [3]
 Although the Supreme Court has not overruled the holding of the Pacific Railroad Removal Cases, the 'Court has cast doubt on its continued vitality.' Ass'n of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 348 U.S. 437, 451, 75 S.Ct. 489, 496, 99 L.Ed. 510 (1955). See also Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 379 n. 50, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113-114, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Consequently, even if 12 U.S.C. 1730(k)(1) and 28 U.S.C. 1349 were not applicable to this case, we would not feel compelled to hold, without further analysis, that a federal question is necessarily created by the mere presence of the
 
 
 [4]
 The Supreme Court has made it clear that 'State citizenship does not result from the mere creation of a corporation under federal law.' Fed. Intermediate Credit Bank of Columbia, S.C. v. Mitchell, 277 U.S. 213, 214, 48 S.Ct. 449, 450, 72 L.Ed. 854 (1928). See also Texas v. I.C.C. 258 U.S. 158, 160, 42 S.Ct. 261, 66 L.Ed. 531 (1922); Bankers Trust Co. v. Texas, & Pac. Ry., 241 U.S. 295, 309-310, 36 S.Ct. 569, 60 L.Ed. 1010 (1916)