**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Manning Savings and Loan Association, Plaintiff–Appellee,**

v.

**Harold J. TICKTIN, Joseph J. Ticktin, William Heaton, Harold Brown, and Judith Ticktin, Defendants–Appellants.**

No. 85–1989.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 7, 1987.

Decided Nov. 2, 1987.

Rehearing and Rehearing En Banc Denied Dec. 14, 1987.

Richard Karr, Irving Faber & Assoc., Ltd., Chicago, Ill., for defendants-appellants.

William Carlisle Herbert, Hopkins & Sutter, Chicago, Ill., for plaintiff-appellee.

Before WOOD and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

This appeal requires us to interpret the statutory provision that governs the federal district courts' jurisdiction of cases in which the Federal Savings and Loan Insurance Corporation is a party, 12 U.S.C. § 1730(k)(1). The FSLIC, acting as receiver of a savings and loan, brought this suit under Illinois law against the directors of the institution alleging breach of their fiduciary duties. The defendants moved the court to dismiss the suit for lack of subject matter jurisdiction. The district court held that because part A of § 1730(k)(1) deems the FSLIC to be an agency of the United States, the court had jurisdiction to hear this suit under the general grant of jurisdiction of suits brought by agencies of the United States, 28 U.S.C. § 1345. The court, explicitly basing its ruling solely on *Federal Savings and Loan Insurance Corporation v. Krueger*, 435 F.2d 633 (7th Cir.1970), held that the proviso in § 1730(k)(1) that denies federal jurisdiction of suits where the FSLIC, acting as a receiver, seeks to enforce the rights of the institution under state law was inapplicable because it applies only in cases that have been removed from state court. The district court certified the order for interlocutory appeal under 28 U.S.C. § 1292(b), finding that the viability of this holding of *Krueger*, in light of more recent authority, presented a controlling question of law as to which there was a substantial ground for difference of opinion. We will overrule the pertinent part of *Krueger* and hold that

the scope of the proviso is not so limited. We will reverse and remand with instructions to dismiss for lack of subject matter jurisdiction.

I

Because this appeal involves only the subject matter jurisdiction of the district court, we limit our recitation of the facts accordingly. The Federal Savings and Loan Insurance Corporation ("FSLIC"), acting as receiver of Manning Savings and Loan Association ("Manning"), filed this suit against defendants, former directors of Manning, for breach of their fiduciary duties to Manning under Illinois law. Manning was a state-chartered, FSLIC-insured institution. The FSLIC alleges that the directors declared two illegal dividends.

The directors declared the first dividend on March 1, 1980. The Illinois Savings and Loan Commissioner later determined that the declaration was in violation of Illinois law because Manning's net worth was insufficient. The Commissioner ordered the directors to recover the dividend. The FSLIC issued a "Notice of Charges and Hearing" for failing to meet federal net worth requirements under 12 U.S.C. § 1726(b) and 12 C.F.R. § 563.16. The FSLIC also issued a cease-and-desist order that, as modified, prohibited Manning from paying further dividends on capital stock that were not in accordance with state law. The directors subsequently declared a stock dividend.

On February 3, 1983, the Federal Home Loan Bank Board appointed FSLIC receiver for Manning, acting under 12 U.S.C. § 1729(c)(1)(B). The FSLIC filed this suit in the United States District Court for the Northern District of Illinois, alleging that the directors breached their fiduciary duties in declaring the two dividends. Defendants moved to dismiss for lack of subject matter jurisdiction, on the basis of a jurisdiction limiting proviso in the jurisdictional statute relating to the FSLIC, 12 U.S.C. § 1730(k)(1). The district court denied the motion on the authority of two opinions of this court from 1970 and 1971

that held that the proviso applied only in cases that had been removed from state court. Because of the uncertainty of the continued viability of that holding, the district court subsequently granted defendants' motion to certify the order denying dismissal under 28 U.S.C. § 1292(b).[1] This court granted defendants permission to appeal.

## II

At issue in this case is the statute that grants federal jurisdiction in cases involving the FSLIC, 12 U.S.C. § 1730(k)(1):

Notwithstanding any other provision of law, (A) the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided,* that any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights of obligations of investors, creditors, stockhold-

ers, and such institution under State law shall not be deemed to arise under the laws of the United States.

The ordinary meaning of the section would seem to be clear. To paraphrase, part A states that the FSLIC is deemed to be an agency of the United States; part B states that suits to which the FSLIC is a party are deemed to arise under the laws of the United States and that district courts have original jurisdiction of such suits; part C states that when such a suit is brought in state court, the FSLIC may remove it to federal court; and the final clause (the "proviso") excludes certain suits from the general rule stated in B. The statute on its face seems clearly to grant original jurisdiction in the district courts to all suits to which the FSLIC is a party, subject only to the exception in the proviso.

This court has, however, read the statute in a different way. *Federal Savings and Loan Insurance Corporation v. Krueger,* 435 F.2d 633, 636 (7th Cir.1970). Today we reconsider and overrule the pertinent part of that opinion. In *Krueger,* we addressed the issue briefly. We held first that because part A deemed the FSLIC to be an agency, there was subject matter jurisdiction of the case under 28 U.S.C. § 1345, which grants jurisdiction to suits brought by agencies of the United States. We next addressed the effect of the jurisdiction limiting proviso, although the parties apparently did not address the issue:

It might be argued that the proviso contained in the latter portion of section 1730(k)(1) is applicable. We are of the

1. 28 U.S.C. § 1292(b) reads:
   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the

district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

In certifying the order, the district court stated, "The issue certified is whether Krueger's holding that § 1730(k)(1) applies only to removal actions is of continuing viability in light of the authorities cited on pages 2–4 of the September 19, 1984 opinion." This court's review is not restricted to that question, however. "The question, is the reason for the interlocutory appeal, but the thing under review is the order." *Edwardsville National Bank and Trust Company v. Marion Laboratories, Inc.,* 808 F.2d 648, 650 (7th Cir.1987).

view, however, that subsections (B) and (C) of section 1730(k)(1), including the proviso, relate solely to removal proceedings from state courts in actions wherein the corporation has been made a party. *See Federal Savings and Loan Insurance Corp. v. Quinn,* 419 F.2d 1014 (7th Cir.1969).

The cited case, *Quinn,* had referred to section 1730(k)(1) as a "special removal statute." The section is clearly more than just a removal statute; it is also the statute that provides original jurisdiction for suits involving the FSLIC, whether indirectly through part A or directly under part B. *Quinn* did not address the issue, whether subsections B and C relate only to removal proceedings.

We relied on *Krueger* in *Katin v. Apollo Savings,* 460 F.2d 422 (7th Cir.1971), *cert. denied,* 406 U.S. 918, 92 S.Ct. 1767, 32 L.Ed.2d 117 (1972). There we said simply, "Defendants here invite the court to reconsider that holding or to distinguish *Krueger* from the instant case. We reaffirm *Krueger.*" *Id.* at 424.

Reading the section as *Krueger* did to mean that parts B and C relate only to removal proceedings gives an unusual effect to the statute. It grants federal jurisdiction to all cases where the FSLIC is the plaintiff. It grants federal jurisdiction to no cases brought in federal court where the FSLIC is the defendant, but grants federal jurisdiction where the FSLIC is a defendant in a case brought in state court and the FSLIC removes the case to federal court. Thus, the FSLIC is able to remove to the federal courts a suit that the plaintiff could not have brought in federal court. It further makes half redundant the provision in part B that suits to which the FSLIC shall be a party shall be deemed to arise under federal law; removal by the FSLIC would involve only suits in which the FSLIC was a defendant. This anomalous reading conflicts directly with the plain language of part B that the district courts "shall have *original* jurisdiction" (emphasis added) of all cases to which the FSLIC is a party.

We have interpreted language almost identical to parts B and C of § 1730(k)(1) to be a grant of original jurisdiction, not just to relate to removal. *Federal Deposit Insurance Corporation v. Braemoor Associates,* 686 F.2d 550 (7th Cir.1982), *cert. denied,* 461 U.S. 927, 103 S.Ct. 2086, 77 L.Ed. 2d 297 (1983). 12 U.S.C. § 1819 Fourth grants jurisdiction to suits where the FDIC is a party:

> All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect, except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.

In *Braemoor,* we held the language in the above provision that is substantially the same as part B of § 1730(k)(1) to be a grant of original jurisidiction that was limited by a proviso that is substantially the same as the proviso in § 1730(k)(1). As discussed below, the one significant difference between the two statutes is that the FDIC statute does not have a counterpart to part A of § 1730(k)(1).

The history of the FDIC statute is also enlightening in this case. Its predecessor statute, 12 U.S.C. § 1819, made no mention of removal:

> All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States: Provided that any such suit to which the Corporation is a party in its capacity as receiver of a State Bank and which involves only the rights or obligations of

depositors, creditors, stockholders, and such state bank under state law shall not be deemed to arise under the laws of the United States.

That statute contained only the grant of original jurisdiction and the limiting proviso. This supports the proposition that the substantially similar language in § 1730(k)(1) is a grant of original jurisdiction and a limiting proviso.

The act that amended the provision above to its present form in § 1819 Fourth (the section that is substantially the same as § 1730(k)(1)) was the same act that included § 1730(k)(1), the Financial Institutions Supervisory Act of 1966, P.L. 89–695, 80 Stat. 1055 (1966). § 1730(k)(1) was clearly drafted by borrowing from § 1819 Fourth and its predecessor; indeed, the statutes even share the same somewhat idiosyncratic capitalization conventions. The drafters noted this borrowing for the record: "The provisions of subsection (k)(1), with the exception of clause (A), therefore, are similar to existing law applicable to ... the Federal Deposit Insurance Corporation (12 U.S.C. 1819)." Senate Report No. 1482, reprinted in 1966 U.S.Code Cong. & Admin.News, p. 3550.

One other circuit has considered our holding in *Krueger* that parts B and C of § 1730(k)(1) relate only to removal proceedings and squarely rejected it. *Hancock Financial Corporation v. Federal Savings and Loan Insurance Corporation,* 492 F.2d 1325 (9th Cir.1974).

We are confident that this clause was intended to constitute a grant of original jurisdiction, enabling the FSLIC to be sued in federal district court. *See* S.Rep. No. 1482, 89th Cong., 2d Sess., 1966 U.S. Code Cong. & Admin.News, pp. 3532, 3550. We reach this conclusion in spite of some dicta in recent opinions of the Court of Appeals for the Seventh Circuit suggesting that clause (B) relates solely to removal proceedings by the FSLIC in actions in which it has been made a party. (citations to *Katin* and *Krueger*)

*Id.* at 1328 n. 2.[2] Hancock had filed suit against the FSLIC to enjoin it from selling certain assets. The court held that because the suit fell within the proviso, the grant of original jurisdiction in part B did not apply and the district court was correct in dismissing the action for lack of subject matter jurisdiction.

*Hancock* also shows how strange it would be to read parts B and C as relating only to removal proceedings. In that case, the FSLIC was the defendant. If part B does not grant original jurisdiction, a plaintiff could not bring suit against the FSLIC in federal court under § 1730(k)(1). But if the suit is brought in state court, as long as it did not fall within the proviso, the FSLIC could remove it to federal court and the court would have jurisdiction. This reading is refuted by the legislative history of the statute and the relevant case law.

It is clear that part B was intended to be what it reads to be, a grant of original jurisdiction to the federal district courts to hear cases to which the FSLIC is a party. This grant is limited by the proviso. The next question, however, is the effect of part A, which deems the FSLIC to be an agency of the United States. 28 U.S.C. § 1345 provides that the district courts have jurisdiction of cases where the plaintiff is an agency of the United States, provided that the agency is expressly authorized to sue by Act of Congress, as is the FSLIC, 12 U.S.C. § 1725(c)(4). If the FSLIC is the plaintiff in a suit and the court lacks jurisdiction under part B because the suit falls into the exclusion of the proviso, does the court have jurisdiction under the more general agency jurisdiction of 28 U.S.C. § 1345?

The court in *Federal Deposit Insurance Corporation v. Sumner Financial Corporation,* 602 F.2d 670 (5th Cir.1979), addressed persuasively a similar question under § 1819 Fourth. As discussed above, § 1819 Fourth is substantially the same as

---

**2.** *Hancock* referred to the statements in *Krueger* and *Katin* that parts B and C of § 1730(k)(1) related only to removal proceedings as "dicta." The reasoning that this court followed in those cases makes the statements holdings and we characterized them as such. *Katin,* 460 F.2d at 424.

parts B and C of § 1730(k)(1): it contains a general grant of jurisdiction of cases to which the FDIC is a party, with the exception of the cases in the proviso. The court in *Sumner* faced the issue, whether, in a case where the FDIC is the plaintiff but the court does not have jurisdiction under § 1819 Fourth because the case falls within the proviso, the court would have jurisdiction under 28 U.S.C. § 1345 because the FDIC is an agency of the United States.

The court held that, although the FDIC is an agency for the purposes of 28 U.S.C. § 1345, jurisdiction did not lie under that section because "the proviso is to be read as stating an absolute limitation on federal jurisdiction over cases to which FDIC is a party." *Id.* at 678. The court interpreted § 1819 Fourth to be "a self-contained scheme for jurisdiction over cases involving FDIC." *Id.* Were agency jurisdiction available despite the fact that the case fell within the proviso, "this scheme would be destroyed and the proviso would be effectively read out of this statute." *Id.* at 679.

The *Sumner* court also rejected for the same reason a proposed basis of jurisdiction that the parties did not argue in this case, diversity of citizenship under 28 U.S.C. § 1332. This court has recently followed *Sumner* in holding that diversity of citizenship will not provide jurisdiction in a case involving the FDIC where the case falls into the jurisdiction limiting proviso of § 1819 Fourth. *Federal Deposit Insurance Corporation v. Elefant,* 790 F.2d 661 (7th Cir.1986) ("§ 1819 Fourth would become an empty shell if litigation involving the FDIC could come to court on the basis of diversity."). We also implicitly followed *Sumner*'s holding that no resort could be made to agency jurisdiction under 28 U.S.C. § 1345 in such a case.

As noted in *Sumner,* § 1730(k)(1) does differ from § 1819 Fourth in that part A makes explicit that the FSLIC is an agency of the United States. § 1819 Fourth contains no comparable provision, although the *Sumner* court and other courts have assumed that the FDIC is an agency of the United States. The question remains, then, whether by including part A in § 1730(k)(1)

Congress intended to make the jurisdiction limiting proviso inapplicable to cases in which the FSLIC is the plaintiff. Our consideration of the statute and its legislative history convinces us that Congress did not and that the proviso applies in cases, like the present one, where the FSLIC appears as plaintiff.

According to the legislative history, the purpose of part A was to "make clear that the Corporation is an agency of the United States." 1966 U.S.Code Cong. and Admin. News, p. 3550. The need for a clarification appears from the contemporaneous case, *Acron Investments, Inc. v. Federal Savings and Loan Insurance Corporation,* 363 F.2d 236 (9th Cir.), *cert. denied,* 385 U.S. 970, 87 S.Ct. 506, 17 L.Ed.2d 434 (1966). The FSLIC was the plaintiff in that case. Because the suit was filed before the enactment of § 1730(k)(1), the only ground for jurisdiction was agency jurisdiction under 28 U.S.C. § 1345. The district court held that the FSLIC was an agency for the purposes of 28 U.S.C. § 1345, but considered the question a close one: it, like the district court in this case, certified the order under 28 U.S.C. § 1292(b) as involving a controlling question of law as to which there was substantial ground for differences of opinion. The Ninth Circuit granted permission to appeal and affirmed the holding that the FSLIC was an agency and that there was jurisdiction of the case under 28 U.S.C. § 1345.

Section A of § 1730(k)(1) was passed to clarify that the FSLIC was an agency. Thus, in general, cases in which the FSLIC was plaintiff would fall within the jurisdiction of the federal courts under 28 U.S.C. § 1345. But the same section in part B provided a grant of jurisdiction with the same effect: part B grants jurisdiction of cases in which the FSLIC is a party, and thus *a fortiori* of cases in which the FSLIC is the plaintiff. Part B qualifies this grant. It is clear that in including the proviso in § 1730(k)(1) Congress intended to exclude the cases that fall within the proviso from the jurisdiction of the federal courts. Indeed, 28 U.S.C. § 1345 explicitly contemplates that the policies involving particular agencies will lead to qualifications on its

general grant of jurisdiction to suits brought by agencies of the United States. It begins "Except as otherwise provided by Act of Congress...." We cannot read part A to grant jurisdiction indirectly in those cases that were deliberately and specifically excluded from the jurisdiction granted by part B. Had Congress intended this result, it would surely have chosen a less anfractuous route.

### III

■ We now consider the question, whether this case falls within the proviso, which denies jurisdiction to "any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under state law."

Because of a paucity of case law interpreting the language of the proviso, we will borrow heavily from cases decided under § 1819 Fourth, which, as noted, contains a substantially similar proviso. In using § 1819 Fourth cases to interpret § 1730(k)(1) above, we faced the difference that § 1819 Fourth did not contain a counterpart to part A of § 1730(k)(1). That problem does not present itself in regard to the more specific question of the meaning of the proviso, for the two provisos are substantially the same.

The FSLIC first argues that the proviso does not apply to the present case because the fact that the suit is brought by the FSLIC as receiver of Manning against its former directors makes it not a suit "which involves only the rights or obligations of investors, creditors, stockholders, and such institution...." The FSLIC interprets that phrase to limit the proviso's application to suits in which only investors, creditors, stockholders, or the institution are parties.

Such a reading is not consistent with the interpretation that this court has given the proviso under § 1819 Fourth. If, as in this case, the receiver, who represents the institution, brings suit to enforce the rights of the institution and the resolution of those rights is the only question in the suit, then the suit "involves only the rights or obligations of ... such institution," regardless of who the defendants are. In *Federal Deposit Insurance Corporation v. Braemoor Associates,* 686 F.2d 550 (7th Cir.1982), cert. denied, 461 U.S. 927, 103 S.Ct. 2086, 77 L.Ed.2d 297 (1983), the FDIC brought a suit against a joint venture and five individuals to receive monies siphoned away from the bank by its president through illegal loans in violation of his fiduciary duties. We held that the proviso was not applicable because the suit was not brought by the FDIC in its capacity as receiver, as required by the proviso. The FDIC, having sold the rights to the causes of action to itself for value, had filed suit as the holder of those rights. We stated, however, "Had the FDIC brought this suit—a suit to impose a constructive trust by reason of Paul Bere's violation of his fiduciary obligations under state law—in its capacity as receiver, the proviso, quoted above, to the grant of federal jurisdiction in section 1819 Fourth would have prevented the FDIC from maintaining the suit in federal court." *Id.* at 562.

We held that the proviso applied to a suit brought by the FDIC as receiver to collect on a debt. *Federal Deposit Insurance Corporation v. Elefant,* 790 F.2d 661 (7th Cir.1986). The defendants were not investors, creditors, and stockholders of the institution or the institution itself. *Accord, Federal Deposit Insurance Corporation v. Sumner Financial Corporation,* 602 F.2d 670 (5th Cir.1979) (proviso applies to suit brought by the FDIC as receiver against various individuals and another corporation alleging conversion through illegal loans); *Federal Deposit Insurance Corporation v. La Rambla Shopping Center, Inc.,* 791 F.2d 215, 220 (1st Cir.1986) (proviso applies to a suit between a creditor and the FDIC acting as receiver); *In re F & T Contractors, Inc.,* 718 F.2d 171 (6th Cir. 1983).

The FSLIC relies on *North Mississippi Savings & Loan Association v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985), cert. denied,

474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). *Hudspeth* is inapposite. In that case, North Mississippi Savings & Loan Association ("Old North"), a non-insured, state-chartered savings and loan filed suit in state court for a declaratory judgment that its employment contract with Hudspeth, its president, was terminable. Hudspeth filed a counterclaim for specific performance of the contract or damages. The FSLIC was appointed receiver of Old North and formed a new, federally-chartered savings and loan ("New North"), which took over most of the assets and liabilities of Old North. Hudspeth amended the counterclaim to join New North. New North and the FSLIC, acting on behalf of Old North, removed the action to federal court under § 1730(k)(1). The Fifth Circuit held that the proviso did not apply to the case: "Hudspeth [ ] sued and demanded damages from New North, a federally-chartered institution that was neither an investor, creditor, nor stockholder of Old North." In *Hudspeth*, unlike this case, *Braemoor*, and *Elefant*, resolution of the rights and obligations of the parties listed in the proviso would not settle the case; thus the case involved more than those rights and obligations.

The FSLIC also argues that the proviso does not apply because of the involvement of federal law in the case. The proviso by its terms applies only to a case that "involves only the rights or obligations of investors, creditors, stockholders, and such institution *under State law*." (emphasis added). The cause of action in this case is under state law for breach of fiduciary duties. The principal way federal law enters into the case is by reference in Illinois law. The Illinois Savings and Loan Act, Ill.Rev.Stat., Ch. 17, pars. 3021, 3042, required Manning to obtain insurance from the FSLIC or another approved insurer. The Act also permits a savings and loan to declare dividends after provision has been made to meet the reserve requirements of the insurer, which in the case of Manning was the FSLIC. The FSLIC alleges that both of the dividends declared by the directors in this case violated those requirements. Thus, the violation of the FSLIC reserve requirements was a violation of Illinois law that in turn supports the claim of breach of fiduciary duty. The FSLIC also argues that the directors violated federal statutes and regulations regarding bookkeeping and reporting requirements and that these violations support the state law claim of breach of fiduciary duty.

The FSLIC further argues that the directors violated two federal criminal statutes. 18 U.S.C. § 1006 prohibits employees and officers of an insured savings and loan from making, with intent to defraud or deceive, "any false entry in any book, report, or statement of or to any such institution." 18 U.S.C. § 659 applies to any such employee or officer who "willfully misapplies any moneys" of such an institution. As with the other federal statutes and regulations, the FSLIC does not suggest that these statutes provide a cause of action independent of the state law claim, rather the FSLIC suggests only that the violations of the statutes support that claim.

It is important to note that the proviso by its terms applies to a suit "which involves only the rights or obligations ... under State law," not just to a suit "which involves only State law." The proviso is thus not limited to suits that do not involve federal law. The determination of the rights and obligations under state law of investors, creditors, stockholders, and the savings and loan in this heavily federally regulated area of the law could never be done without an eye on the relevant federal law. Every suit with the FSLIC as a party necessarily involves federal law.

The sort of argument that FSLIC makes here was rejected in *Hancock Financial Corporation v. Federal Savings and Loan Insurance Corporation*, 492 F.2d 1325 (9th Cir.1974). In that case, Hancock had filed suit against the FSLIC to enjoin it from selling certain assets. 12 U.S.C. § 1729(b)(5) required the FSLIC, acting as receiver, to liquidate the assets of the savings and loan "in an orderly manner." Hancock alleged that the proposed sale violated that requirement. Hancock argued that because this allegation raised a ques-

tion of federal law the proviso was inapplicable.

The court held that the proviso did apply, reasoning that such a construction would nullify the proviso. "In every case where the FSLIC acts as a receiver, it would have the duty to liquidate assets in an orderly manner, thereby raising a question of federal law and taking the case out of the exclusionary provision." *Id.* at 1328. Because § 1729(b)(5) provided no duties independent of the existing duties of a receiver, the suit was one that involved only the "rights or obligations ... under state law."

In the present case, all the alleged violations of federal law are subsidiary . questions to the ultimate question in the case: whether the directors, under state law, breached their fiduciary duties to Manning in declaring the two dividends. The resolution of that issue would be the resolution of the case. Thus, this is a suit that "involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law." *Accord, Braemoor,* 686 F.2d at 552 (proviso applies to a suit to apply constructive trust by reason of president's violation of his fiduciary obligations under state law).

Finally, the FSLIC argues that proviso does not apply because in this case the FSLIC acts as a federally-appointed, not state-appointed, receiver. There is no basis in the statute or the legislative history for this distinction. The proviso by its terms applies broadly to suits "to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian...." Furthermore, Congress showed within the proviso that it could make this distinction when it so intended: it speaks of "an insured *State-chartered* institution." (emphasis added). We decline to read the proffered distinction into the statute.

### IV

For the reasons stated, the order of the district court denying defendant's motion to dismiss for lack of subject matter jurisdiction is reversed and the case is remanded, with instructions to grant the defendant's motion to dismiss for lack of subject matter jurisdiction.[3]

REVERSED and REMANDED.

---

**3.** This opinion has been circulated among all judges of this court in regular active service pursuant to Circuit Rule 40(f). One judge favored rehearing en banc and all other judges did not favor a rehearing en banc on the question of overruling *Federal Savings and Loan Insurance Corporation v. Krueger,* 435 F.2d 633 (7th Cir.1970).