MARY GUNTHER, by her next friend, WILLIAM M. GUNTHER *vs.* MARY LEE, JAMES H. HOPKINS and THOMAS B. MARSHALL.

*Effect of a Release under Seal, of One of three joint Tort-feasors, as to the right to Recover against the others.*

An action was brought against three persons as joint tort-feasors. Pending the suit the plaintiffs executed to L. one of the defendants a release under seal, in which it was declared that it was not to prejudice or impair the plaintiffs' claim against the other two defendants. The release was executed in consideration of five hundred dollars, and in terms, released and discharged L. from all claims of every description for damages accruing or accrued by reason of the wrongs complained of; the plaintiffs thereby acknowledging themselves "to be fully paid and satisfied for all and singular the trespasses complained of" by them in the suit then pending against the three defendants jointly. HELD:

1st. That the release enured to the benefit of all the defendants, and was a bar to the action.

2nd. That the proviso in the release, by which the right to recover for the same injury against the other defendants was attempted to be reserved to the plaintiffs, was simply void, being repugnant to the legal effect and operation of the release itself.

APPEAL from the Circuit Court for Howard County.

This action was brought on the 8th of November, 1873, by the appellant in the Court of Common Pleas against the appellees as joint tort-feasors. The plaintiff and the defendant Mrs. Lee were owners of adjoining improved lots on Lexington street, in the City of Baltimore. The latter desiring to put other improvements on her lot

employed her co-defendants, to pull down her old house, to make the necessary excavations, and to erect a new building. Hopkins and Marshall before proceeding gave notice to Mrs. Gunther to protect the division wall between the old buildings. The declaration contained various counts in tort against the defendants as joint trespassers, alleging the removal of the lateral support of the soil and the consequent sinking of the plaintiff's wall and damage to her buildings and chattels;—injury to the partition wall and disturbance of the plaintiff's easement therein and damage therefrom;—negligence in taking down the old buildings of the defendant, Mrs. Lee, and erecting new buildings, whereby the property real and personal of the plaintiff was injured;—and the occupying and building upon a part of the plaintiff's ground and excluding her from its use and enjoyment. To these counts the defendant jointly pleaded not guilty, and as to several of them the special license of the plaintiff. This special license was denied in the replication. Issues were joined and the case was tried, and a verdict was rendered in favor of the plaintiff for $2500, and judgment was entered accordingly. On motion the verdict was set aside and a new trial granted. On the suggestion and affidavit of the defendant Thomas B. Marshall, the case was removed to Howard County.

*Exception.*—At the trial of the cause the plaintiff, to support the issues on her part, offered evidence to show that she was the owner of Lot No. 82 Lexington street, in the City of Baltimore, and the defendant, Mary Lee, the owner of the Lot next adjoining on the east; that the line between the houses was the centre of the wall which divided them. She also proved that the defendants, Hopkins and Marshall, came to her sometime in June, 1872, and said they were going to make some improvements next door on Miss Lee's land; that they would commence the work next day, and she must look to the support of the

wall dividing the houses, as they were not bound to do so; that they pulled down the house next door and built another in its place, and did their work so negligently and carelessly as to injure the plaintiff's property to the amount of over $3600; that in building the new house they built upon the plaintiff's land some eighteen inches. In the course of the cross-examination, the defendants proved the following release to their co-defendant, Mary Lee, and the receipt by the plaintiff from her of the consideration therein stated:

Know all men by these presents, that we, William Gunther and Mary Gunther, his wife, of Baltimore City, in the State of Maryland, in consideration of the sum of five hundred dollars, in hand paid us by Mary Lee, of said place, do hereby release, exonerate and discharge the said Mary Lee, her heirs, assigns and personal representatives, from all our claims of every description for damages accruing or accrued, or which may hereafter accrue to us, or to either of us, or to any person or persons claiming by, through or under us, or either of us, by reason of the manner in which the house formerly standing upon the lot of Mary Lee, adjoining our premises on the south side of Lexington street, in the City of Baltimore, was pulled down by the agents of said Mary Lee, or by reason of the manner in which the present building upon her said lot was constructed, so far as the same may have been built upon any portion of our lot or otherwise, hereby expressly abandoning and acknowledging ourselves to be full paid and satisfied for all and singular the trespasses complained of by us against her in the suit instituted by said Mary Gunther, against her jointly with James H. Hopkins and Thomas B. Marshall, in the Court of Common Pleas of Baltimore .City, whether the same be for injury to the chattels of said Mary Gunther, or to the house of us, said Wm. and Mary Gunther, or for encroaching upon our lot or for any continuance of any such trespasses hereafter.

It being the object of this instrument to release the said Mary Lee, and all persons claiming under her, from any and all our claims past, present or to come, for damages or trespass done to us, or any person claiming under us in the premises, by the mode in which the improvements on her lot were built, or the place where they were built. But it is expressly understood and agreed that nothing in this release shall be held to prejudice or impair our claims against said Hopkins or Marshall, for damages claimed by us of them, but our said claims are hereby expressly reserved as fully as if this release had not been executed.

Witness our hands and seals this ninth day of December, 1874.

Signed:—Wm. Gunther, [Seal.]<br>Mary Gunther, [Seal.]

Test:—Wm. J. O'Brien.

The defendants prayed the Court to instruct the jury, that if they find that the release offered in evidence was executed by the plaintiff and her husband, and delivered to Miss Lee, and that the consideration of five hundred dollars therein mentioned was paid as therein stated, then the plaintiff is not entitled to recover. This instruction the Court gave. The plaintiff excepted and the verdict and judgment being for the defendants, she appealed.

The cause was argued before Bartol, C. J., Bowie, Stewart, and Alvey, J.

*William J. O'Brien* and *Jos. Blyth Allston*, for the appellant.

A release to one of several defendants, without more, will release all; but where a release is given to one of several defendants, with a proviso that it should not prejudice the plaintiff's claim against the others, the release operates only to the extent of its terms. The old rule,

that in such case the provision was void as repugnant to the release, has for many years given place to the more equitable doctrine of giving the instrument effect according to the real intention of the parties ; and as far back as 1819, this Court has intimated that such might be its conclusion.    2 *Saunders' Pleading*, 759, *and cases there cited; Price vs. Barker, et al.*, 82 *Eng. Com. Law*, 760 ; *Solly vs. Forbs*, 2 *Brod. & Bingh.*, 38 ; 7 *Robinson's Practice*, 514, *et seq; Pannell vs. McMechen*, 4 *H. & J.*, 474.

The reason given by a comparatively recent English case why a release to one debtor releases all jointly liable, is because unless it was held to do so, the co-debtor, after paying the debt, might sue him who was released for contribution, and so in effect he would not be released—but that reason does not apply where the debtor released agrees to such a qualification of the release as will leave him liable to any rights of the co-debtor.    And the principle of the decisions as to co-debtors, is fully applicable to the case of co-trespassers.    *North vs. Wakefield*, 66 *Eng. Com. Law*, 541 ; *Snow vs. Chandler*, 10 *N. H.*, 92.

*John Gill, Jr.*, and *Thomas Donaldson*, for the appellees.

The release of one of several joint tort-feasors necessarily discharges the others, and there can be no apportionment of damages against joint tort-feasors.

This is made particularly the case when the party so released is as in the present instance, the principal, and the other parties are the agents and servants of that principal.

The terms of the release in the present case are such as to cover all possible damage that could have been incurred by the appellant from the acts of Hopkins and Marshall, and the final clause of the release attempting to reserve claims for any part of such damages as against them, is utterly repugnant to the effective parts of the same instrument, and therefore void.    1 *Greenleaf on Evidence, (Red.*

*Ed.*,) *sec.* 30 ; *Brown vs. Marsh,* 7 *Vermont,* 320 ; *Thurman vs. Wild,* 11 *Adol. & Ellis,* 453 ; *Ruble vs. Turner, et al.*, 2 *Hen. & Mun.,* 38.

It is a clearly settled principle of law, that although a plaintiff may bring suit against several joint tort-feasors, either separately or jointly, and may obtain several verdicts, yet he can only obtain one satisfaction.

In this case, the plaintiff, Mary Gunther, has obtained a verdict by agreement, for five hundred dollars, against Mary Lee, one of the joint trespassers, and has received that sum in satisfaction in full, for all the wrongs and damages complained of in this suit, and can receive no further satisfaction for the same injury. She has made her *election de melioribus damnis. Brown vs. Allen,* 4 *Esp.*, 158 ; 7 *Robinson's Practice,* 209 ; *Wayne vs. Anderson,* 3 *C. & P.*, 596.

If the plaintiff, during the pendency of an action against several for a joint trespass, shall receive satisfaction from one of them, although it may be expressly stipulated that it was only for the part, that one took in the joint trespass, it will nevertheless operate as a discharge of all the joint trespassers, and the action can no longer be maintained against any. The plaintiff in this case, has received the sum of $500 from Mary Lee, one of the joint trespassers, during the pendency of this suit, in full satisfaction for all the wrongs and damages complained of in this suit, and such satisfaction so made, must operate as a discharge to Messrs. Hopkins & Marshall, the other joint trespassers, notwithstanding the fact that the plaintiff endeavors in the release, to reserve her claims against the said Marshall & Hopkins. *Coke Litt.*, 232 ; *Hobart,* 66 ; *Gillpatrick vs. Hunter,* 24 *Maine,* 18 ; *Ellis vs. Bitzer,* 2 *Ohio Rep.*, 89 ; *Bacon's Abridgment,* (*703 ;) *Kiffin vs. Willis,* 4 *Modern Rep.*, 380 ; *Ruble vs. Turner, et al.*, 2 *Hen. & Mun.*, 38.

ALVEY, J., delivered the opinion of the Court.

The three defendants in this action were sued as joint tort-feasors, and the single question presented is as to the effect and operation of the release executed by the plaintiffs to one of the defendants, Mrs. Lee, during the pendency of the suit. The terms of the release are exceedingly broad and comprehensive, though it was declared that it was not to prejudice or impair the plaintiffs' claim against the other two defendants. The release was executed in consideration of five hundred dollars, and in terms, released and discharged Mrs. Lee from all claims of every description, for damages accruing or accrued by reason of the wrongs complained of; the plaintiffs thereby acknowledging themselves "to be fully paid and satisfied for all and singular the trespasses complained of" by them in the suit then pending against the three defendants jointly. The Court below instructed the jury that the release enured to the benefit of all the defendants, and was therefore an answer to the action; which instruction we think was properly given.

The law, as settled in England, is, that a judgment in an action against one of two joint tort-feasors, of itself, without satisfaction or execution, is a sufficient bar to an action against the other for the same cause. The leading cases upon this subject are *Brown vs. Wootten*, Yelv., 67; *King vs. Hoare*, 13 *M. & W.*, 494; *Brinsmead vs. Harrison*, L. R., 6 *C. P.*, 584, and same case in Ex. Ch. L. R., 7 *C. P.*, 547.

This rule, however, to the full extent stated, is not generally accepted by the Courts in this country. The opinion of KENT, C. J., in *Livingston vs. Bishop*, 1 *John.*, 290, has been most generally adopted, which is to the effect that a recovery against one of several joint tort-feasors is not of itself, without satisfaction, a bar to the right to recover against the others; but fully conceding that satisfaction received of one is a complete bar to recovery

against the others. The principle of *Livingston vs. Bishop* has been fully sanctioned by the Supreme Court of the United States, in the case of *Lovejoy vs. Murray*, 3 *Wall.*, 1. But, without determining which rule we should be disposed to adopt, if the precise question were presented, with respect to the question presented on the record before us, there is no conflict of authority whatever. All the cases, both English and American, maintain the doctrine that satisfaction from one joint tort-feasor, whether received before or after recovery, extinguishes the right as against the others. The plaintiff is not entitled to receive more than one satisfaction for and in respect of the same injury. As was said by the Court in *Lovejoy vs. Murray*, when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience, that the law will not permit him to recover again for the same damages. And as a consideration is always implied in a release under seal, though not expressed on its face, the release by deed of one joint trespasser will discharge all; and this has been the law from very early times. *Littleton, sec.* 376 ; *Co. Litt.*, 232 ; *Cocke vs. Jennor, Hob.*, 66 ; 7 *Robinson's Prac.*, 206 *to* 208, *and cases there referred to ; Ruble vs. Turner*, 2 *Hen. & Mun.*, 38 ; *Gillpatrick vs. Hunter*, 24 *Me.*, 18 ; *Thurman vs. Wild*, 11 *Ad. & El.*, 453. Here the release expresses the consideration on its face, which was received in full satisfaction of the wrong complained of. The proviso in the release, by which the right to recover for the same injury against the other two defendants was attempted to be reserved to the plaintiffs, is simply void, as being repugnant to the legal effect and operation of the release itself. *Ruble vs. Turner*, 2 *Hen & Mun.*, 38. The judgment must, therefore, be affirmed.

*Judgment affirmed.*

(Decided 15th June, 1876.)