# HENRY J. BERKLEY *vs.* J. A. & W. T. WILSON

*Joint and Several Tortfeasors—Payment of Judgment Against One a Bar to Suit Against Another—Judgment of Non Pros. when Verdict Below Jurisdiction of the Court—Tender.*

When a tort has been committed by two persons, each is liable *in solido* to the injured party, but that party is entitled to but one satisfaction.

If the injured party has recovered a judgment for the injury against one of several tortfeasors, and the amount of that judgment has been paid or tendered, he cannot maintain an action against another tortfeasor for the same injury.

When an architect agrees to make the plans for a building and to supervise its erection by a builder in accordance therewith, and the owner brings an action against the builder alleging the substitution of inferior material and defective work, &c., the verdict in that suit followed by satisfaction is a bar to an action against the architect for alleged failure to supervise the erection of the building according to the specifications.

Code, Art. 26, sec. 17, provides that whenever a judgment of *non pros.* is entered because the verdict of the jury is for a sum below the jurisdiction of the Court, the judgment shall be a bar to any other suit upon the same cause of action, but the amount of the verdict shall be a debt due from the defendant to the plaintiff recoverable in any Court having jurisdiction to that amount or before a Justice of the Peace. *Held*, that where the plaintiff in an action against one of several parties who were jointly or severally liable recovers a verdict for one cent damages upon which there was a judgment of *non pros.* because the amount was below the jurisdiction of the Court, the tender of that sum to the plaintiff is a bar to the further continuance of a suit against another party for the same cause of action.

Appeal from a judgment of the Baltimore City Court (PHELPS, J.)

The cause was argued before MCSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ. (Jan. 18, 1898.)

*John Prentiss Poe,* for the appellant.

*William A. Fisher* (with whom was *J. J. Wade* on the brief), for the appellees.

FOWLER, J., delivered the opinion of the Court.

The appellant made a contract with one Bunnecke to build a house on Park avenue in Baltimore, according to plans and specifications to be prepared by the appellees, who are architects. The work was done by Bunnecke under their supervision, inspection and direction. They agreed to and in fact prepared the plans and specifications, and also supervised and examined the work as it progressed and until its completion. In the year 1890 the appellant being dissatisfied with the work done by Bunnecke, as well as with the plans and specifications prepared by the appellees, and with their supervision of the work, brought two suits, one against the appellees and the other against Bunnecke. In his action against the latter, the appellant claimed damages for the violation by him of the building contract. Bunnecke by his pleas admitted the contract, as alleged in the *narr.*, but denied that he had violated it or any part of it, or that by any breach of covenant he had caused the appellant to suffer any damage whatever. The case against Bunnecke was tried upon its merits before a jury, and the result was a verdict for one cent damages, and a judgment of *non pros.* The case now before us was also tried upon its merits, as we think, and the verdict of the jury was for the appellees. During the trial, the plaintiff, now appellant, reserved two exceptions. Both of them, however, raised the same question, namely, that which is presented by the plaintiff's demurrer to the defendants additional plea, which is a plea against the further continuance of the suit, *puis darrein continuance,* so far as said suit rests upon the alleged violation of contract by Bunnecke. The second and third pleas having been withdrawn, and the demurrer to all the other pleas having been sustained, the case was tried upon the general issue, and the issue joined upon the replications to the plea just mentioned. By this plea, the former suit

against Bunnecke to recover damages for his alleged breach
of the building contract, the recovery therein of a verdict
and the tender by Bunnecke of the amount of such verdict
before the trial of this case are set up by the defendant as a
bar to so much of the damages here sued for as were recov-
ered in the other suit.    The demurrer to this plea was over-
ruled, whereupon two replications to it were filed.    The
first alleged that the damages claimed by him in this suit
are not damages claimed for the same matters set out in
said suit against Bunnecke; and the second asserted that
the appellees were the supervising architects employed by
him to superintend the building, and that it was their duty
to see that no improper work was done, or defective and
improper materials furnished by Bunnecke; that they neg-
ligently and carelessly approved of work done and materials
furnished by Bunnecke, and wrongfully accepted said work,
whereby his right of action against Bunnecke was injuriously
affected, and whereby he sustained damages not recoverable
against said Bunnecke, and that the damages claimed in this
suit are not the same damages, nor are they covered by or
included in the former suit against Bunnecke.    Issue was
joined upon these replications.

The first exception is based upon the refusal of the trial
Court to exclude from the jury the record in the former
case against Bunnecke, and the second exception arises upon
the defendant's second and fourth prayers, which were
granted.    These prayers both instructed the jury substan-
tially that if they find the fact set forth in the additional
plea, they must confine their attention to the question
whether the appellees exercised reasonable skill and care in
the preparation of the plans and specifications, and the super-
intendence of the erection of the building by Bunnecke, thus,
in effect, telling them that as a matter of law the plaintiff
could not recover under the *narr.* in this case, any damages
for which he sued and recovered in the other suit, and which
had been duly tendered.    It appears, therefore, that the
question raised by the demurrer, and the two exceptions is

the same in substance.   Is the record in the Bunnecke case admissible in evidence in this case, and if so, what is its effect?   We will consider the question as presented by the demurrer to the plea *puis darrein continuance.*

As we have already seen, the former suit against Bunnecke was based on his violation of the building contract, while this suit appears by the allegations of the *narr.* to have been brought for the purpose not only of recovering damages from the defendants for their own alleged negligence as architects, but also to recover from them damages arising in consequence of the omissions, negligence, unfaithfulness and wrongdoing by Bunnecke in the building of the house.   It is true that the acts of Bunnecke which formed the basis for the damages awarded by the jury in the suit against him are alleged in the *narr.,* in the case now before us, to have been allowed to occur by reason of the negligence of the appellees in the performance of their duty as architects.   But whether the wrongdoing complained of in the former case be the joint act of Bunnecke and the defendants, or the several tort of each, can make no difference in determining the validity of the plea or the admissibility of the record in evidence in this case.   If the defendants and Bunnecke had both been sued in the first case for the injury there alleged, there could, of course, have been but one recovery.   And it would seem to be very clear upon reason and authority as well, that the same result must follow when the same injury is caused by the independent acts of several wrongdoers.   The reason of this rule is apparent. It is neither just nor lawful that there should be more than one satisfaction for the same injury whether that injury be done by one or more.   *Cleveland* v. *Bangor*, 87 Maine, 264; *Brown* v. *Cambridge,* 3 Allen, 474; *Lovejoy* v. *Murray*, 3 Wall. 1; *Gunther* v. *Lee,* 45 Md. 67.   In the case first cited WHITEHOUSE, J., speaking for the Supreme Judicial Court of Maine, said : " No sound reason has been given ; and it is believed none can be assigned for such a distinction between the case of wrongdoers who are jointly and severally

liable, and those who are only severally liable for the same injury. In either case the sufferer is entitled to but one compensation for the same injury, and full satisfaction from one will operate as a discharge of the others." And in *Gunther* v. *Lee, supra,* our predecessors said that while it was settled in England that a judgment in an action against one of two joint wrongdoers, of itself, without satisfaction or execution, is a sufficient bar to an action against the other for the same cause, but that this rule to its full extent is not generally accepted in this country. In *Livingston* v. *Bishop,* 1 John. 290, it was held by KENT, C. J., that *recovery* against one of several *joint tort-feasors* is not of itself, without satisfaction, a bar to the right to recover against the others. And the rule thus expressed has been sanctioned by the Supreme Court of the United States. *Lovejoy* v. *Murray, supra.* It was said in *Gunther* v. *Lee, supra,* that the facts in that case did not require the Court to say which rule, the English or the one generally prevailing in America, they would approve of, nor do the facts here require us now to do more than reaffirm the well-settled rule that one satisfaction for an injury is a bar to any further suits to recover compensation for the same injury.

It is true that the verdict in the former suit was for a nominal sum, and was followed by a judgment of *non pros.,* but the Act of 1888, chapter 366 (*Code,* Art. 26, sec. 17), provides that the amount of such verdict shall be a debt due from the defendant to the plaintiff recoverable "before a Justice of the Peace; and a short copy of the verdict and judgment * * * shall be conclusive evidence" of the debt. It is apparent, therefore, that the verdict and the judgment of *non pros.* in this case is of a different character, and is clothed with a conclusiveness which does not ordinarily attach to such judgments. By force of the statute the amount of the debt is conclusively established by the verdict and judgment. The appellant has never, in fact, received the compensation thus ascertained by the former suit; but it is conceded it was duly tendered to him. This

being so he was bound to accept it, and by refusing so to do, he will not be allowed to assume the position and enjoy the legal rights claimed to attach to one who has recovered judgment, but has not received or been able to obtain satisfaction. The amount of compensation the plaintiff was entitled to recover for the injury having been ascertained by the jury, and the defendant in the former suit having tendered it to the plaintiff, he must be held to have " received full satisfaction or what the law must consider as such." *Lovejoy* v. *Murray, supra.*

It will be seen, therefore, that we are of opinion that the demurrer to the plea was properly overruled, and that the record offered in evidence to sustain the allegations of the plea *puis darrein continuance* is admissible for that purpose. It also follows that the second and fourth prayers of the defendant were properly granted.

*Judgment affirmed.*