BELL, indiv. and as parent and next friend of John Steven Bell and William Dennis Bell *v.* ALL-STATE INSURANCE COMPANY

[No. 356, September Term, 1971.]

*Decided June 8, 1972.*

The cause was argued before BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ., and ROBERT E. CLAPP, JR., Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Harvey Rosenberg* for appellant.

*Paul M. Parent,* with whom were *Parent & Kelly* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

The appellant here would have us turn our backs on *Grantham v. Board of County Commissioners for Prince George's County,* 251 Md. 28, 246 A. 2d 548 (1968) which held that upon full satisfaction of a judgment entered against one person, who was, along with another, alleged to be liable for a single harm, the other joint tortfeasor is released. To buttress his argument, he relies on *McMillen v. Klingensmith,* 467 S.W.2d 193 (Tex. 1971) and *Bartholomew v. McCartha,* 255 S. C. 489, 179 S.E.2d 912 (1971) which he thinks have adopted a more enlightened view. We shall be as unresponsive to this argument as was the court below.

On 1 July 1969, John Steven Bell and William Dennis Bell, the two minor sons of the appellant, Burton M. Bell (Mr. Bell), were passengers in a truck owned by Times-Crescent, Inc., and operated by William Larry McKenzie. Both of the boys were injured in an accident which occurred on that day, and Mr. Bell, as father and next friend of the boys, brought suit against the driver and owner of the truck on 27 April 1970 in the Circuit Court

for Charles County for damages, and on 16 August 1971 recovered consent judgments against Times-Crescent, Inc. in the amount of $9,166.66 on which an order of satisfaction was entered on 23 August 1971.

While the Charles County damage suit was pending, Mr. Bell brought suit on 19 June 1970 against Allstate Insurance Company (Allstate) in the Circuit Court for Prince George's County, asserting claims arising out of Allstate's alleged breach of duty under an insurance policy which Allstate had written for Mr. Bell providing for medical payments, not to exceed $2,000.00 each, for any relative of the insured injured while a passenger in a non-owned vehicle.

The first count of Mr. Bell's declaration was a suit on the policy, which was disposed of when Allstate paid $2,000.00 to Steven and $1,867.20 to Dennis on 16 October 1970. On 7 December 1971, the case came on for hearing on the second count, alleging that Allstate fraudulently represented that it would promptly pay claims for medical payments, but did not; on a third count, alleging that Allstate was negligent in failing to make prompt payment, and on a fourth count, added by amendment, seeking to recover damages for breach of contract, the theory being that the damages were foreseeable at the time of breach. Allstate's motion for summary judgment on counts two, three and four was granted, and Mr. Bell appealed.

Certainly, there was no dispute as to a material fact on the fraud issue. Mr. Bell obviously got the coverage which Allstate's agent said he would have, and collected the amounts provided for in the policy.

With regard to the negligence and contract counts, the court below granted the motion for summary judgment because it concluded that Allstate was entitled to judgment as a matter of law. Nothing can be clearer than that there may be only one satisfaction for a single harm, no matter how many tortfeasors are involved, and regardless of whether they acted jointly or independently, *Grantham v. County Commissioners for Prince George's County,*

*supra,* 251 Md. 28; *Trieschman v. Eaton,* 224 Md. 111, 166 A. 2d 892 (1961); *Cox v. Maryland Electric Railways Co.,* 126 Md. 300, 95 A. 43 (1915); *Berkley v. Wilson,* 87 Md. 219, 39 A. 502 (1898).

The theory on which Mr. Bell's claim against Allstate rests is that Allstate's delay in making prompt payment caused a cessation of physical therapy which made it less likely that John Steven Bell would regain full use of his wrist. The point is, of course, that this seemingly permanent injury was an element of damage taken into account in the entry of the consent judgments in the Charles County negligence case, which were satisfied.

What we said in *Lanasa v. Beggs,* 159 Md. 311, 151 A. 21 (1930) is apposite here:

> "* * * Although the rule in this jurisdiction is that the injured party may bring separate suits against the wrongdoers, and proceed to judgment in each, and that no bar arises as to any of them until satisfaction is received, yet the party injured may have but one satisfaction. So, if as a matter of fact the wronged party has actually received satisfaction, or what in law is regarded as its equivalent, from one tort-feasor, he is barred from proceeding against the other tort-feasors. The rule as it exists in Maryland was thus stated for this court by Judge Pattison in *Cox v. Md. Elec. Rwys. Co.,* 126 Md. 300, at page 305:
>
>> 'This court said in *Gunther v. Lee,* 45 Md. 60, supra, quoting from *Lovejoy v. Murray,* 3 Wall. 1: "While the plaintiff has accepted satisfaction in full for the injury done him, from whatever sources it may come, he is so far affected in equity and good conscience, that the law will not permit him to recover again for the same damages." ' "
>> 159 Md. at 319-320.

*See also* Restatement, *Judgments* § 95, at 469 (1942) ; 4 Restatement *Torts* § 886, at 464 (1939) ; Prosser, *Torts* § 45, at 268 (3d ed. 1964).

The case of *Kyte v. McMillion,* 256 Md. 85, 259 A. 2d 532 (1969) relied on by Mr. Bell is clearly distinguishable. In *Kyte* the appellant suffered injuries due to the acts of two successive tortfeasors, each responsible for a distinct harm: McMillion, the negligent driver of the car in which Edna Kyte was injured, and the hospital and the hospital's nurse, who negligently transfused Miss Kyte with mismatched blood. In that case, we held that the release of the hospital and the nurse specifically limited to the injury which they alone occasioned did not bar Miss Kyte from asserting a claim against McMillion. This was not the case here, where there was but one harm, for which full satisfaction was had.

> *Judgment affirmed, costs to be paid by appellant.*