**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION**

v.

**Frank E. WILLIAMS, Jr., et al.**

**Civ. No. Y–83–1422.**

United States District Court, D. Maryland.

Oct. 30, 1985.

Neil J. Dilloff, Baltimore, Md., for plaintiff.

Jacob A. Stein, Rockville, Md., and Robert Flanagan, Baltimore, Md., for defendants.

Thomas J. O'Halloran, pro se.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Following a hotly contested jury trial, resulting in a verdict for the plaintiff, defendants filed motions seeking various types of relief. Those motions requiring judicial review at this time are:

1. Motion of defendant Reeves for a new trial.
2. Motion of defendant Reeves for judgment notwithstanding the verdict.
3. Motion of defendant Fisher for judgment notwithstanding the verdict or in the alternative for a new trial.
4. Motion of defendant Reeves and Fisher for relief from judgment.

After a review of defendant's post-trial motions and the memoranda submitted by the parties, defendants' motions for judgment notwithstanding the verdict, a new trial, and relief from judgment will be denied without oral argument.

## I.

Defendant Reeves and Fisher seek judgment notwithstanding the verdict on numerous grounds. Defendants rely on *Bangor Punta Operations, Inc. v. Bangor and Aroostook R. Co.*, 417 U.S. 703, 94 S.Ct. 2578, 41 L.Ed.2d 418 (1974), but are not entitled to judgment on the basis of that case. *Bangor Punta* is readily distinguishable from this case, its holding is not applicable, and it provides no basis for relief. The circumstances which support the court's application of the principle of equity—prohibiting a shareholder from recovering damages for prior corporate mismanagement if he acquired shares from those who participated in the alleged wrongdoing—simply are not present here. This is not a case where "a [private] shareholder purchases all or substantially all of the shares of a corporation from a vendor at a fair price and then seeks to have the corporation recover against the vendor for prior corporate mismanagement." *Id.*, at 710, 94 S.Ct. at 2582 (citing *Home Fire Insurance Co. v. Barber*, 67 Neb. 644, 661-62, 93 N.W. 1024, 1030-31 (1903)) (Pound, J.) (brackets added).

The Supreme Court's decision in *Bangor Punta* prevented a purchaser of corporate stock from subsequently realizing a windfall that would have resulted if the buyer (at fair market value) had been permitted to recover in a civil action for previous corporate mismanagement already accounted for in the sale price of the stock. Unlike the defendants in *Bangor Punta*, the defendants here were not vendors from whom County Federal was acquired. Defendants Reeves and Fisher were no longer employed by County Federal at the time of its merger with Metropolitan nor did they have a financial interest in County Federal. Thus, the FSLIC will not recover from these defendants for wrongs previous owners of County Federal inflicted upon themselves. *Id.*, at 712, 94 S.Ct. at 2583.

Defendant Reeves makes much of the fact that the FSLIC stands in the shoes of County Federal and Metropolitan as an assignee of their claims. Defendants contend that Metropolitan has never had a cognizable claim against the defendants to assign to the FSLIC because the Assistance Agreement between the FSLIC and Metropolitan insured that Metropolitan would not be harmed by its acquisition of County Federal and the alleged wrongdoing by the defendants. However, this argument breathes too much life into the fiction that the FSLIC is situated in this suit only as an assignee of the claims of County and Metropolitan, a position advanced by both parties at various times during this litigation. As the Court has consistently stressed in prior rulings, the FSLIC is not simply a private assignee of, or successor to, County Federal's claims. This is not a case involving the private acquisition of the stock or assets of a business enterprise on the open market for fair market value. Instead the transactions here are part of an agency supervised and subsidized merger undertaken to stabilize the savings and loan industry generally, as well as to salvage an insolvent member association in exchange for the right to pursue certain claims against those allegedly responsible, at least in part, for the institution's precarious financial position. In effect, the right to pursue these claims served as some consideration for the assistance given to Metropolitan to facilitate the merger by the FSLIC. Thus, as the principle beneficiary of any recovery, the FSLIC will not be unjustly enriched if it is allowed to recapture part of the money provided to subsidize the merger between County Federal and Metropolitan.

Moreover, the FSLIC remained a party throughout the series of transactions which resulted in County Federal's acquisition by Metropolitan and the assignment of various claims which provide the basis for this litigation. As regulator and supervisor, the FSLIC has been an indispensible

party throughout the merger and stabilization process. Metropolitan has simply been a vehicle through which the FSLIC has attempted to maintain and insure the efficient utilization of County Federal's assets. Therefore, the Court will not take a formalistic view of County Federal's merger with Metropolitan as a single and discrete private acquisition for fair market value. The FSLIC's subsidization and supervision of the merger qualifies the FSLIC as a party to the acquisition for the purpose of resolving the issue of the applicability of the *Bangor Punta* holding in this case. The pursuit of claims against the current defendants and others was provided for in the Assistance Agreement executed by the FSLIC and Metropolitan, and served as some consideration for the plaintiff's financial assistance and assurances to Metropolitan. Thus, recovery by the plaintiff here is not the unexpected gain, windfall, or unjust enrichment condemned by the Court in *Bangor Punta. See Meyers v. Moody*, 693 F.2d 1196, 1208 (5th Cir.1982). Accordingly, judgment notwithstanding the verdict will not be granted on the basis of *Bangor Punta.*

### II.

■ Defendants have also moved for judgment notwithstanding the verdict on the ground that the FSLIC failed to adequately establish the requisite causal connection between the defendants' wrongful acts and the losses sustained by County Federal. However, there is significant testimony and documentary evidence in the record which refer to the manner in which the acts and omissions of the defendants caused injury to County Federal.

In determining the sufficiency of the evidence on a motion for judgment notwithstanding the verdict, "the court is not free to weigh the evidence or to pass on the credibility of witnesses or to substitute its judgment of the facts for that of the jury. Instead, it must view the evidence most favorably to the party against whom the motion is made and give that party the benefit of all reasonable inferences from

the evidence." Wright and Miller, *9 Federal Practice and Procedure: Civil* § 2524, at 543–545 (1971 ed. & 1985 Supp.). The evidence presented and the inferences reasonably drawn therefrom form a sufficient basis upon which the jury could find proximate cause. Therefore, the Court may not grant defendants' motions on this basis.

### III.

Defendant Reeves also seeks judgment with regard to plaintiff's fraud claim in Count III on the ground that the plaintiff failed to establish the essential elements of fraud by clear and convincing evidence. However, the jury was properly instructed that liability on the plaintiff's fraud count required it to find that the plaintiff had proven each and every element of fraud by clear and convincing evidence.

■ There is extensive testimony and documentary evidence in the record relating to the filing of false and deceptive reports to the Federal Home Loan Bank Board and false certifications concerning the status of various construction projects financed with loans from County Federal. The evidence indicates that these misrepresentations were not merely occasional inadvertent acts of negligence, but rather were part of a persistent pattern of misrepresentation occurring over a period of years despite repeated warnings from numerous sources. The jury could reasonably infer from the evidence presented that defendant Reeves, as a director and chief executive officer of the association, had knowledge of the misrepresentations and was responsible for them.

Defendant Reeves seems to suggest circumstantial evidence, regardless of how substantial and compelling, may not be sufficient to establish fraud by clear and convincing evidence as a matter of law. Although the Court is aware of the general reluctance of courts to infer fraud in the absence of very compelling evidence, *see Teledyne Industries, Inc. v. Podell*, 546 F.2d 495 (2d Cir.1976), the Court is unaware of any case which supports the proposition that fraud may not be inferred or

that it may not be established clearly and convincingly by circumstantial evidence. Accepting defendant's argument that there was no direct evidence of defendant Reeves' participation in the preparation and filing of false reports does not require the Court to grant defendant Reeves' motion for judgment notwithstanding the verdict. Having been instructed on the elements of fraud and the standard of proof which must be met by a plaintiff alleging fraud, the jury determined that there was clear and convincing evidence of fraud on the part of defendant Reeves and the Court will not substitute its judgment for that of the jury. Accordingly, the Court will deny defendant's motion for judgment notwithstanding the verdict as to the common law fraud claim in Count III and the statutory fraud claim in Count I.

## IV.

■ Defendant Reeves also advances the argument that he is entitled to judgment with regard to punitive damages because there is insufficient evidence to support the jury's punitive damage award in this case. Again, the jury was properly instructed on the appropriate legal standard to be applied in their consideration of punitive damages. The jury determined, on the basis of the evidence properly before it that the character of defendant's conduct entitled the plaintiff to punitive damages. The Court will not second guess the jury's resolution of this issue. It is enough to simply note that there is evidence in the record upon which a reasonable jury could conclude that defendant's conduct was malicious or reckless thereby entitling it to award plaintiff punitive damages. Therefore, defendant will not be afforded relief on the basis of insufficiency of the evidence on the issue of punitive damages.

## V.

Judgment will not be granted on the basis of defendant Reeves' contention that the plaintiff failed to prove the reasonableness of certain costs associated with the management and disposition of acquired County Federal assets to satisfy amounts owing on several delinquent or defaulted loans. There is sufficient evidence in the record to sustain the determination that those costs and the award of compensatory damages based thereon were reasonable.

## VI.

■ Defendant also seeks judgment notwithstanding the verdict on the ground that plaintiff's specific damage claim should not have been submitted to the jury. Defendant Reeves raises several objections to the submission of these claims to the jury and to the jury's award of compensatory damages based upon these claims. Defendant's objections on this issue rely substantially on arguments already raised in the context of presenting other grounds for relief. The Court has stated that the holding in *Bangor Punta* does not apply in this case and therefore analogies to *Bangor Punta* provide no basis for relief here. Similarly, defendant's argument concerning the sufficiency of the evidence is subject to the same infirmities noted earlier. Moreover, defendant's contentions concerning the possibility that there were intervening causes of the losses suffered by County Federal were put before the jury for its consideration at trial. The evidence regarding these claims, without any consideration of the credibility of witnesses or the weight of the evidence, does not lead to only one conclusion that reasonable people could reach; therefore, the Court will not substitute it's judgment for that of the jury. *See Nationwide Mutual Insurance Co. v. McLoughlin,* 429 F.2d 1317 (4th Cir. 1970); *Neugebauer v. A.S. Abell Co.,* 474 F.Supp. 1053, 1071 (D.Md.1979). The Court will deny judgment for defendants based on defendants' objection to plaintiff's specific damage claims.

## VII.

Defendants have advanced the argument that they should be granted judgment on Count I because there is no civil cause of action for violations of the criminal provisions of the United States Code which form

the basis of Count I. The Court is aware of *Fiorino v. Turner*, 476 F.Supp. 962 (D.Ma.1979) and *Olympic Capital Corporation v. Newman*, 276 F.Supp. 646, 657 (C.D.Ca.1967) where the respective district courts found that no civil cause of action exists for violations of 18 U.S.C. §§ 1001 and 1014. However, the Seventh Circuit has allowed civil suits involving claims based upon violations of these and similar criminal statutory provisions to proceed although it, and the district courts cited above, had not given the issue a comprehensive or thorough treatment. *See Katin v. Apollo Savings*, 460 F.2d 422 (7th Cir. 1971), *cert. denied*, 406 U.S. 918, 92 S.Ct. 1767, 32 L.Ed.2d 117 (1972); *FSLIC v. Krueger*, 435 F.2d 633 (7th Cir.1970).

■■■ Additionally, there is a basis in the legislative history of the statutes for inferring a Congressional intent to provide a civil remedy in favor of the FSLIC.\* *See* S.Rep. No. 2730, 84 Cong. 2d Sess., *reprinted* in 1956 U.S.CODE CONG. & AD. NEWS 3662, 3663, 3665. The existence of congressional intent to create a cause of action may be sufficient to recognize a private cause of action, *see Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979), particularly where, as here, a statute is enacted for the benefit of federal savings and loan association depositors generally, and for the FSLIC specifically, and where the implication of a civil cause of action is consistent with the purpose of the legislative scheme. *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975).

Moreover, the Court is not aware of defendants having raised this issue prior to the filing of motions for judgment notwithstanding the verdict. Thus, defendants' failure to raise and preserve this issue in their motion for a directed verdict following a seven week trial, *see* Wright and Miller, 9 *Federal Practice Procedure: Civil* § 2537, at 598 (1971 ed. and 1985 Supp.), as well as the Court's resolution of the merits of the claim require that defendants' motion for judgment notwithstanding the verdict be denied.

### VIII.

Defendant Reeves has filed a motion for relief from judgment along with a memorandum in support of this motion and defendant Fisher has joined in the Reeves motion. Defendants seek relief from judgment on the ground that a satisfaction of judgment was entered with regard to the defendant directors prior to judgment being entered against defendants Reeves and Fisher, and that satisfaction of a judgment entered against one or more tortfeasors discharges all tortfeasors liable for the same harm under Maryland law. (Reeves Memorandum in Support of Motion for Relief from Judgment, pp. 3–4 (citing *Bell v. Allstate Insurance Co.*, 265 Md. 727, 729–30, 291 A.2d 478 (Ct.App.1972)) and *Grantham v. Board of County Commissioners*, 251 Md. 28, 38, 246 A.2d 548 (Ct.App. 1968)). However, defendants will not be afforded relief from judgment.

■■■ Count I involves the violation of certain federal criminal statutes and is therefore governed by federal law. Count II is

---

\* In 1956, §§ 657 and 1006 of Title 18 were amended and as part of the report relating to that amendment, the Senate Judiciary Committee adopted a statement by the United States Savings and Loan League which states in pertinent part:

> It is hoped that this bill [the Senate version of the House bill that ultimately passed] if enacted will reduce losses to institutions insured by the FSLIC and, correspondingly, reduce the contingent liability of the Federal Savings and Loan Insurance Corporation.

S.Rep. No. 2730, 84 Cong. 2d Sess., *reprinted* in 1956 U.S.CODE CONG. & AD.NEWS 3662, 3663.

The report also includes a letter from the Chairman of the Federal Home Loan Bank Board which states:

> It is felt that for the protection of the interest of the Government and the Federal Savings and Loan Insurance Corporation and the protection of the interest of the public and of institutions insured by the [FSLIC], the scope of Sections 657 and 1006 should be extended....

*Id.,* at 3665.

a claim for breach of fiduciary duty and has already been determined to be governed by federal law in the Court's prior rulings in this case. *FSLIC v. Williams,* Y–33–1422, slip. op. (January 9, 1985). Therefore, federal law will be applied to resolve the issue concerning the effect of the satisfaction of judgment against the defendant directors on the claims against the defendants.

Even assuming *arguendo,* that defendants and the outside directors were liable to County Federal for the same harm, defendants Reeves and Fisher are not relieved from the judgments against them by the satisfaction of the consent judgments against the outside directors under the Second Restatement of Torts. The Second Restatement provides the substantive context of the federal common law the Court will apply to determine the effect of the satisfaction of the consent judgment because it is most consistent with the modern American point of view on this issue. Restatement (Second) of *Torts* § 885 comment b (1979), gives effect to the intent of the parties, and is consistent with the purposes of the federal legislation in the area of federally insured savings and loan associations as reflected in the criminal and regulatory statutes to which plaintiff's claims relate.

■ The application of Second Restatement principles to the facts of this case suggest that the discharge of the judgment against the outside directors should be treated as a release, Restatement 2d *Torts* § 886 (1979), and that the release should not discharge others arguably responsible for the same harm unless it is agreed that it will discharge them. *Id.,* § 885(1). Therefore, defendants Reeves and Fisher may not be relieved from judgment on Counts I and II, because the Court is satisfied, and the circumstances surrounding the FSLIC's settlement with. the defendant directors amply indicate, that the intent and understanding among *all* parties was that the settlement did not constitute full satisfaction of the FSLIC's claims. *See*

*McPherson v. Amalgamated Sugar Co.,* 271 F.2d 809, 811 (9th Cir.1959).

Moreover, the evidence in this case permitted the jury reasonably to find that the injury to County Federal was divisible and to apportion damages accordingly. The evidence would also permit a finding that the directors and these defendants were liable for different losses or only part of the same loss. Therefore, each defendant would be liable only for the damage created by him and the discharge of one defendant tortfeasor would not release the others from liability for the damages for which they may be responsible. *See* Restatement 2d *Torts* §§ 881, 433A; *see also, Edmonds v. Compagnie Generale Transatlantique,* 443 U.S. 256, 260 n. 8, 99 S.Ct. 2753, 2756 n. 8, 61 L.Ed.2d 521 (1979) (principles of joint and several liability inapplicable where injury is divisible and the causation of each part can be separately assigned); *Kizer v. Peter Kiewit Sons' Co.,* 489 F.Supp. 835, 840 (N.D.Ca.1980) (admiralty case referring to § 881 as common law rule in case with divisible harm).

■ Defendants' motions must be denied with regard to the state common law claim in Count III on the same basis because Maryland law is not inconsistent with the federal law on this point. Under Maryland law, the *full* satisfaction of a judgment against one tortfeasor discharges others who are liable for the *same* harm, *Bell,* 265 Md. at 729–30, 291 A.2d 478; *Grantham,* 251 Md. at 38, 246 A.2d 548, so that a plaintiff will be unjustly enriched by being allowed multiple recoveries for the same injuries. *See Cox v. Maryland Electric Rys Co.,* 126 Md. 300, 305–06, 95 A. 43 (1915). This rule however does not apply where, as here, there has been a determination that the injury is divisible and has been apportioned among the remaining defendants. *Cf. Huff v. Harbaugh,* 49 Md.App. 661, 671, 435 A.2d 108 (Ct.Sp.App.1981) (release of one wrongdoer will not discharge the other from liability for his share of the transaction where the wrong consists of separate and distinct, although closely related injuries).

Finally, defendants are not entitled to relief from judgment on Count IV which involves plaintiff's claim for breach of contract. The law upon which defendants rely relates solely to judgment on tort claims and could not entitle them to relief from judgment for breach of contract.

## IX.

Defendants have moved for a new trial on the grounds that the verdict is excessive, uncertain, ambiguous, and otherwise improper. Those motions will be denied.

A new trial should not be granted unless it is quite clear that the jury has reached a seriously erroneous result. *Coffran v. Hitchcock Clinic, Inc.*, 683 F.2d 5, 6 (1st Cir.), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 571, 74 L.Ed.2d 933 (1982). Defendants' motions will not be granted because the verdict was based on sufficient evidence, *see LaSueur Creamery v. Haskon, Inc.*, 660 F.2d 342, 353 (8th Cir.), *cert. denied sub nom, Haskon, Inc. and Hercules, Inc. v. LaSueur, Inc.*, 455 U.S. 1019, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1981), and therefore could reasonably have been reached. *Raynor Bros. v. American Cyanimid Co.*, 695 F.2d 382, 385 (9th Cir. 1982). The verdict is not excessive in light of the evidence in the record concerning plaintiff's damage claims nor is the result improper. As noted earlier, there is evidence upon which the jury could find the defendants liable for distinct injuries, a possibility conceded by counsel for defendant Reeves during discussions with the Court on the record.

More importantly, the Court harbors serious reservations about whether defendants have standing to challenge the apportionment of damages by the jury since they have not been injured by it. *See Ohio Valley Bank v. Greenebaum Sons Bank & Trust Co.*, 11 F.2d 87, 90 (4th Cir.1926). As a result of the apportionment by the jury, each defendant has been exposed to a smaller judgment than would have been entered against each of them if a joint verdict had been returned. The right to complain of the verdict here rests exclusively with the plaintiff because the plaintiff is the only party who could have been aggrieved by the apportionment of damages. *See id.*

Defendants' motions for a new trial will be denied.