**In re Bruce J. COULTHARD, Debtor.**

**MUTUAL SAVINGS & LOAN ASSOCIATION OF WISCONSIN, Plaintiff,**

v.

**Bruce J. COULTHARD, Defendant.**

**Bankruptcy No. 88–01867.**
**Adv. No. 88–0221.**

United States Bankruptcy Court,
E.D. Wisconsin.

April 18, 1989.

---

**26.** *See, supra,* n. 2.

**27.** *See, supra,* n. 2.

**28.** Three hours at $85.00 per hour for attorney time.

**29.** $2.09 phone calls + $3.60 copies = $5.69.

William C. Yelling, Wauwatosa, Wis., for debtor/defendant.

Donald Jay Straka, Kluwin, Dunphy, Hinshaw & Culbertson, Milwaukee, Wis., for plaintiff.

## DECISION

M. DEE McGARITY, Bankruptcy Judge.

The creditor in this case, Mutual Savings & Loan Association of Wisconsin ("Mutual"), filed a complaint against the debtor, Bruce Coulthard, requesting that the debtor's obligation to Mutual be declared nondischargeable for alleged false representations and false financial statement in connection with obtaining financing for the purchase of property.

The creditor later amended its complaint to add as a defendant Mark C. Michel ("Michel"), from whom the debtor purchased the property. Michel objected to the jurisdiction of the bankruptcy court. The parties agreed that the bankruptcy court has jurisdiction over the dischargeability action against the debtor as a core proceeding, but Michel challenges the bankruptcy court's jurisdiction to hear a dispute between Mutual, a creditor, and himself, a nondebtor, where the result will not affect the administration of the estate. For the reasons indicated below, the court finds that it does not have jurisdiction over Mutual's claim against Michel. The complaint as against Michel will, therefore, be dismissed.

## FACTS

The debtor submitted a loan application to Mutual requesting a loan for the purchase of real estate owned by Michel. Mutual claims the debtor indicated in his loan application that the downpayment would come from his savings and the sale of a coin collection. It came instead, according to Mutual, from money the debtor borrowed from Michel in return for a second mortgage on the property. Mutual claims that Michel knew the debtor would never get financing from Mutual if the second

mortgage were disclosed, and Michel conspired to hide that fact from Mutual. The complaint asks that the debtor's obligation to Mutual be declared nondischargeable. In addition, it requests damages and punitive damages from Michel.

The property purchased by the debtor from Michel has been abandoned by the trustee. There are no other assets in the case.

## DISCUSSION

■ The jurisdictional authority of the bankruptcy court is conferred by 28 U.S.C. § 1334. It reads in pertinent part as follows:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings *arising under Title 11*, or *arising in* or *related to cases* under title 11.

28 U.S.C. § 1334 (emphasis added).

The jurisdiction conferred on the district court by 28 U.S.C. § 1334 may be exercised by the bankruptcy court as specified by 28 U.S.C. § 157. The district court may refer to the bankruptcy court "cases under" Title 11, proceedings "arising under" Title 11, proceedings "arising in" cases under Title 11, and proceedings "related to" cases under Title 11. 28 U.S.C. § 157(a). Such referral has been made in this district. Under 28 U.S.C. § 157(b)(1), the bankruptcy court may hear all "cases under" Title 11, i.e., the bankruptcy itself commenced by the filing of a petition. The bankruptcy court may also hear "core proceedings;" that is, proceedings that either arise under Title 11 or arise in a case under Title 11. 28 U.S.C. § 157(b)(1). Proceedings "arising under" Title 11 involve rights which are specifically conferred by Title 11, such as contested dischargeability proceedings, proceedings to recover preferences and similar rights that would not exist had there been no bankruptcy. *Matter of Wood,* 825 F.2d 90, 96 (5th Cir.1987). Proceedings "arising in" a bankruptcy case are usually claims that would have no existence absent the bankruptcy, such as administration expenses, but are not expressly created by Title 11. *Id.* at 97. A nonexhaustive list of "core proceedings" is in 28 U.S.C. § 157(b)(2). Core proceedings would not exist but for the bankruptcy; therefore, they constitute the core or heart of the bankruptcy process. Finally, the bankruptcy court may hear noncore proceedings that are "related to" a bankruptcy case and may make recommended findings to the district court for a final order. 28 U.S.C. § 157(c)(1). Unless a proceeding fits under one of the specified categories, it cannot be heard by the bankruptcy court.

■ There is no question that Mutual's objection to Coulthard's discharge of his debt to it is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Although no one claims that Mutual's cause of action against Michel is a core proceeding, Mutual argues that its cause is "related to" the bankruptcy and as such the bankruptcy court may hear its case along with the dischargeability action.

The Third Circuit developed a test, subsequently adopted in this circuit, to determine whether a proceeding is "related to" a bankruptcy case and as such can be heard by the bankruptcy court. *In re Pacor, Inc.,* 743 F.2d 984 (3rd Cir.1984). A proceeding is related to a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *In re Pacor, Inc., supra* at 994. In *Pacor,* a Mr. and Mrs. Higgins filed a products liability suit against a distributor of asbestos, Pacor. Pacor filed a third party complaint against the manufacturer, Johns–Manville, which then filed bankruptcy. Pacor sought to remove the entire controversy to the bankruptcy court. The Third Circuit said the Pacor–Manville action was related to the bankruptcy, but the original Higgins–Pacor suit was not. The bankruptcy court, therefore, had no jurisdiction to hear it. The court said the Higgins–Pacor dispute

would have no effect on the bankruptcy estate. It would not alter the rights, liabilities, options or freedom of action of the debtor in a way which could impact on the handling and administration of the bankruptcy estate. It was, at best, a mere precursor to the potential third party claim for indemnification by Pacor against Manville.

The Fifth Circuit adopted the *Pacor* test in *Matter of Wood,* 825 F.2d 90 (5th Cir. 1987). In *Wood,* an action was brought against the debtors and a third party for wrongful appropriation of corporate assets. The defendants moved to dismiss for lack of subject matter jurisdiction. The Fifth Circuit found that the action was related to the bankruptcy because the disputed shares were part of the bankruptcy estate. Regarding the nondebtor defendant, the court said that when a plaintiff alleges liability resulting from the joint conduct of the debtor and nondebtor defendants, bankruptcy jurisdiction exists over all claims. However, this is true only when success against any of the defendants will have a potential effect on the debtor's estate. *Id.* at 94.

The Seventh Circuit, by which this court is bound, has also used the *Pacor* test: a dispute is "related to" the bankruptcy only when it affects the amount of property available for distribution or the allocation of property among creditors. *Matter of Xonics, Inc.,* 813 F.2d 127, 131 (7th Cir. 1987). In that case, a creditor argued that once a bankruptcy court acquires jurisdiction of a dispute, the power to decide lasts forever. On the contrary, the court in *Xonics* held that when the property which was the subject of the dispute leaves the estate, as in the case of abandonment, jurisdiction of the bankruptcy court lapses. *Id.*

The Seventh Circuit developed an additional criterion for jurisdiction related to a bankruptcy case. A proceeding may also be "related to" a bankruptcy case if the outcome could affect any other creditor besides the parties involved. *In re Kubly,* 818 F.2d 643, 645 (7th Cir.1987); *see also In re Chicago, Rock Island and Pacific*

*Railroad Company (Sanborn II),* 794 F.2d 1182, 1187 (7th Cir.1986); *In re Napco Graphics,* No. 85–C–1240 (E.D. Wis., March 22, 1989). A situation in which this may occur is illustrated by *Napco.* In that case, the trustee had liquidated assets and was holding the funds pending the bankruptcy court's and appellate decisions on whether the Wisconsin Department of Industry, Labor and Human Relations had a lien on the proceeds on behalf of the debtor's former employees. After unfavorable decisions (*see In re Napco Graphic Arts, Inc.,* 83 B.R. 558 (E.D. Wis.1988)), DILHR challenged the subject matter jurisdiction of the bankruptcy and district courts. The district court found that not only did the dispute concern property of the estate, the outcome would have affected the rights of other creditors to distributions from the estate. *Napco,* Slip Op. at 4–6. This met both of the *Kubly* tests for bankruptcy court jurisdiction.

Mutual's cause of action against Michel is essentially a state law fraud claim between nondebtors. No matter what the outcome, the bankruptcy estate of the debtor will not be affected in any conceivable way. No other creditor will be affected. It will not add assets to the estate nor reduce them. The property in question has been abandoned by the trustee as burdensome. The cause asserted against this nondebtor defendant does not involve the trustee, the administration of the estate, nor any other creditor. Michel does not seek to defeat Mutual's cause based on any provision of Title 11. The common set of facts involving Mutual's claims against the debtor and Michel are not sufficient to confer bankruptcy court jurisdiction over Michel when it does not otherwise exist. *See In re Haug,* 19 B.R. 223, 224 (Bankr.D.Ore. 1982). Accordingly, this court finds that it has no jurisdiction to hear Mutual's complaint against Michel. The plaintiff's complaint against Mark C. Michel will be dismissed.

■ Mutual argues, in the alternative, that independent federal jurisdiction exists over this action because it involves a federal question. Mutual cites case law to support its position that criminal statute 18

U.S.C. § 1014, imposing sanctions for fraud against a federal savings and loan institution, can support a private cause of action against Michel as well. *Federal Savings and Loan Insurance Corp. v. Williams,* 622 F.Supp. 132 (D.C. Md.1985). In its brief, Mutual asks the bankruptcy court to place both the dischargeability action and the cause of action against Michel together in the district court. This court takes no position on whether there is jurisdiction in the district court. However, there is no statutory support for withdrawal of a case to the district court by motion to the bankruptcy court. Withdrawal can be accomplished by the district court on its own motion or timely motion of a party for cause shown to the district court in accordance with 28 U.S.C. § 157(d). It is not within the power of the bankruptcy court to order withdrawal to the district court. Bankruptcy Rule 5011(a). The plaintiff's request for withdrawal will, therefore, be denied.

An order dismissing the plaintiff's complaint against Mark C. Michel and denying the motion to remove this case to the district court will be entered.

This decision constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.