**In re Marilyn Elaine CARTER and Phillip Lee Carter, Debtors.**

No. 05–14465.

United States Bankruptcy Court,
W.D. Wisconsin.

Nov. 7, 2008.

Todd C. Buss, Law Offices of Todd C. Buss, Pewaukee, WI, for Debtors.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

The Carters filed an amended Chapter 13 plan on June 7, 2005, which was confirmed. The plan provided for payment of $900 in attorney fees (as administrative expenses) to Todd Buss, the Carters' attorney. Buss filed an application for additional fees on July 2, 2008 requesting $4,289 in fees and $116.42 in costs. The Carters objected. Itemization of the fees indicated that $1,989 was incurred prepetition, and the remainder was incurred post-petition. The Carters paid $700 to Buss prior to filing their petition, and the Trustee paid $900 to Buss through the Chapter 13 plan. The Carters obtained a discharge on July 23, 2008.

This case presents two questions: Does the Court have jurisdiction over a fee dispute between a debtor and debtor's counsel after the debtor has obtained a discharge?, and, are unpaid post-confirmation attorney fees owed by the debtor to debtor's counsel discharged by a Chapter 13 discharge? The answers are "yes" and "no," respectively.

Federal district courts have "original and exclusive jurisdiction of all cases under title 11," 28 U.S.C. § 1334(a) (2007), and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(b). Bankruptcy judges "constitute a unit of the district court." *Id.* § 151. Pursuant to a general order of reference, "[e]ach district court may provide that any or all cases under

title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." *Id.* § 157(a).

A proceeding "arises under" title 11 when it involves "rights which are specifically conferred by title 11, such as contested dischargeability proceedings, proceedings to recover preferences and similar rights that would not exist had there been no bankruptcy." *In re Coulthard,* 98 B.R. 940, 942 (Bankr.E.D.Wis. 1989).. In a Chapter 13 case "in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy...." 11 U.S.C. § 330(a)(4)(B).

Thus, Buss has a statutory right to seek compensation for his representation of the Carters. To the extent that Buss seeks compensation pursuant to § 330(a)(4)(B), the proceeding arises under title 11.

Buss might have sought reasonable compensation for his post-confirmation services outside of bankruptcy. Nothing, save the automatic stay and the discharge injunction to be discussed below, precludes Buss from pursuing his claim under the concurrent jurisdiction of a state court. But he didn't. This Court has jurisdiction of this matter pursuant to its "arising under" jurisdiction.

As noted, the bankruptcy code permits the Court to award reasonable compensation to a debtor's attorney in a Chapter 13 case. *See* 11 U.S.C. § 330(a)(4)(B). The court must allow certain "administrative expenses," including "compensation and reimbursement awarded under section 330(a) of this title." *Id.* § 503(b)(2). Administrative expenses "al-

lowed under section 503(b) of this title" are entitled to priority treatment. *Id.* § 507(a)(2). A Chapter 13 plan must "provide for the full payment ... of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." *Id.* § 1322(a)(2). The code directs the court to "grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title" with certain exceptions not relevant to this case. *Id.* § 1328(a). Therefore, attorney fees due at the time of confirmation must be included in the plan as administrative expenses. Those fees are discharged at the conclusion of the case. But post-confirmation fees are a different sort of debt which may but don't have to be included in the plan. If they are not, as was the case with Buss's fees, they are a debt that survives bankruptcy.

The Carters submitted a letter disputing the amount of Buss's fees. Regardless of the validity of the Carters' argument, the order granting the Carters a discharge effectively disposes of Buss's argument that the estate should pay his fees. No estate remains to be administered. Accordingly, the Court cannot authorize payment of an additional administrative expense from the estate. In addition, any fees due at the time of confirmation, whether included in the plan or not, were discharged. Buss's claim to fees, if any, is against the Carters personally, not the estate. So to the extent the application seeks to have the claimed fees allowed for payment by the estate or under the plan it is denied.

Buss made only one application for fees and it was extremely tardy. The law requires attorneys to file a disclosure of compensation "within 15 days after the order for relief" and also states that "[a]

supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed." Fed. R. Bankr.P.2016(b). Buss has never filed a 2016(b) statement in this case, except to the extent that this "Application and Motion for Allowance of Attorney's Fees for Attorney for Debtors" constitutes one. While numerous reported decisions reiterate the principle that any violation of Rule 2016(b) may result in total denial of an award of attorney fees, even where the debtor's attorney achieves desirable results for the debtor, *see, e.g., Futuronics Corp. v. Arutt, Nachamie & Benjamin (In re Futuronics Corp.),* 655 F.2d 463 (2nd Cir.1981) (affirming district court's total denial of attorney compensation for violation of Bankruptcy Rule 215 where debtor's attorneys achieved "a great success"), no such relief has been sought here.

■ It remains to be determined whether this Court should exercise its jurisdiction to determine the reasonableness of the fees claimed against the individual debtors. It needn't do so.[1] And, if it chose to, it would not enter an order for payment on the current state of the pleadings in this matter.[2] Therefore, without determining the merits of Buss's claim to post-confirmation fees, the motion to approve them is denied.

---

**1.** *See* 28 U.S.C. § 1334(b) (providing that the Court has "original but not *exclusive* jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11") (emphasis supplied); *see also id.* § 1334(c)(1) ("Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.").

**ORDER**

The Court having reached the conclusions of law contained in the memorandum decision filed this date, it is hereby ORDERED that the movant's application for fees is DENIED.

**2.** *See* Fed. R. Bankr.P. 7001(1) (defining an adversary proceeding to include "a proceeding to recover money or property"). Note also that Fed. R. Bankr.P. 7001(1) excludes "a proceeding under ... Rule 2017." Fed. R. Bankr.P.2017 permits the court to determine whether payments made pre- or post-petition to the debtor's attorney by the debtor are excessive. The exclusion of these proceedings, which are *challenges* to debtor's counsel's compensation, indicates that a claim against the debtor by the debtor's attorney is an adversary proceeding.